D. Victoria Baranetsky (SBN 311892)
THE CENTER FOR INVESTIGATIVE REPORTING
1400 65th St., Suite 200
Emeryville, CA 94608
Telephone: (510) 809-3160
Fax: (510) 849-6141
vbaranetsky@revealnews.org

Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| THE CENTER FOR INVESTIGATIVE REPORTING and WILL EVANS,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF LABOR,<br><br>Defendant. | Case No. _____<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF** |

**INTRODUCTION**

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for injunctive and other appropriate relief. The Center for Investigative Reporting ("CIR") and Will Evans (collectively "Plaintiffs") seek processing and release of agency records requested from Defendant the United States Department of Labor ("DOL").

2. On April 22, 2019, Plaintiffs submitted a FOIA request ("First Request") to DOL's Occupational Safety and Health Administration ("OSHA") seeking disclosure of the file for an OSHA inspection of an Amazon warehouse in Stoughton, MA.

3. On May 13, 2019, Plaintiffs submitted a FOIA request ("Second Request") to OSHA

seeking disclosure of forms containing annual statistics about injuries, illnesses, and fatalities at certain Amazon worksites in Ohio.

4. On May 15, 2019, Plaintiffs submitted a FOIA request ("Third Request") to OSHA seeking disclosure of forms containing annual statistics about injuries, illnesses, and fatalities at certain Amazon worksites in Illinois.

5. The First Request and Second Request were denied under Exemption 7 and the Third Request was denied under Exemption 4 and Exemption 7 (collectively the "Requests").

6. On June 19, 2019, Plaintiffs sent administrative appeal letters to Defendant respecting the First Request and Second Request.

7. On August 8, 2019, Plaintiffs sent an administrative appeal letter to Defendant as to the Third Request.

8. Defendant has since failed to issue a final determination and respond to the appeal letters.

9. To date, Defendant has failed to comply with FOIA's statutory deadlines and has improperly withheld records responsive to the Requests.

10. The requested records are of significant public interest because they contain statistics about workplace injuries and employee statements to OSHA investigators about conditions at Amazon warehouses. Workplace safety at Amazon, one of the largest companies in the world, has been of considerable public interest in recent years, most recently as employees launched public strikes over working conditions. *See, e.g.*, Maya Wolfe-Robinson, *Union stages final protest over 'horrific' Amazon work practices*, GUARDIAN.COM, July 22, 2019, https://www.theguardian.com/technology/2019/jul/22/union-stages-final-protest-over-horrific-amazon-work-practices/ (last accessed July 24, 2019); National Council for Occupational Safety and Health, *The Dirty Dozen 2018: Employers Who Put Workers and Communities at Risk*, Apr.

25, 2018, http://coshnetwork.org/sites/default/files/Dirty%20Dozen%202018%2C%204-25-18%2BFINAL%281%29.pdf/ (last accessed July 24, 2019) (reporting seven Amazon workers were killed at warehouses since 2013).

11. Claims that records containing employee statements or annual statistical data about workplace safety are exempt under either Exemption 4 or Exemption 7 are unjustifiable under any application of the law.

12. Plaintiffs now ask the Court for an injunction requiring DOL to promptly release the withheld records.

## JURISDICTION

13. The Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(C)(i) and (ii). This Court also has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1436, and 5 U.S.C. §§ 701–706.

## VENUE AND INTRADISTRICT ASSIGNMENT

14. Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1391(e) and 1402. Plaintiff CIR has its principal place of business in this district. Plaintiff Will Evans is domiciled in this district.

15. Assignment to the Oakland Division is proper pursuant to Local Rules 3-2(c) and (d) because a substantial portion of the events giving rise to this action occurred in Alameda County, where Plaintiff CIR's principal place of business is located and most actions in this case occurred.

## PARTIES

16. Plaintiff CIR publishes *Reveal*, an online news site at revealnews.org, and *Reveal*, a weekly public radio show with approximately 1 million listeners a week. Founded in 1977 as the first non-profit investigative news organization, CIR has received multiple awards for its reporting. CIR is a non-profit established under the laws of the State of California, with its primary office in

Emeryville, California.

17. Plaintiff Will Evans is a staff reporter for *Reveal* and an employee of CIR.

18. Defendant DOL is a department of the executive branch of the U.S. government and an "agency" within the meaning of 5 U.S.C. §552(f)(1). OSHA is a component of DOL. DOL has its headquarters in Washington, D.C., and offices all over the country, including in Oakland and San Francisco, California. OSHA also has a regional office in Oakland, California.

## FACTUAL BACKGROUND

### First Request: Employee Statements

19. OSHA is the component of DOL that is responsible for ensuring worker safety, according to the Occupational Safety and Health Act of 1970. 29 U.S.C. §651 et seq. (1970)

20. According to its website, OSHA's mission is to "to ensure safe and healthful working conditions for working men and women by setting and enforcing standards and by providing training, outreach, education and assistance." OSHA, *OSHA's Mission*, https://www.osha.gov/about.html (last accessed July 23, 2019).

21. To accomplish its mission, OSHA conducts worksite inspections in response to complaints and interviews employees. OSHA, *All About OSHA*, https://www.osha.gov/Publications/all_about_OSHA.pdf (last accessed July 24, 2019). During inspections, OSHA investigators are to take statements from "employees or other individuals . . . to adequately document a potential violation." OSHA, *OSHA Field Operations Manual* ("*OSHA FOM*"), 5-7 (Aug. 2016).[1]

22. On February. 5, 2018, in response to a complaint, OSHA inspectors visited Amazon's

---

[1] Available on OSHA's website at https://www.osha.gov/OshDoc/Directive_pdf/CPL_02-00-160.pdf (last accessed July 24, 2019).

warehouse in Stoughton, MA to conduct Inspection 1292524.015.[2] OSHA inspectors collected statements from several witnesses in the process, according to OSHA records provided to CIR. OSHA cited Amazon for inadequate protective headwear, a violation which inspectors categorized as "SERIOUS."[3]

23. OSHA initially issued Amazon a penalty for $10,365.00 but later entered into an "informal settlement" with the company that eliminated the penalty entirely.[4] OSHA guidance indicates OSHA Area Directors can enter into informal settlements with employers "except for egregious cases, or cases that affect other jurisdictions." *OSHA FOM*, 8-1.

24. Various news outlets, including CIR, have used employee statements collected by investigators from OSHA or their sister state agencies as the basis of reporting about worker safety. *See, e.g.,* Will Evans, *Severely injured worker sues Tesla: 'I'm not who I used to be'*, REVEAL, May 21, 2018, https://www.revealnews.org/blog/im-not-who-i-used-to-be-severely-injured-worker-sues-tesla/ (last accessed July 24, 2019); Caroline O'Donovan, *At Tesla's Factory, Building The Car Of The Future Has Painful And Permanent Consequences For Some Workers*, BUZZFEEDNEWS.COM, Feb. 4, 2018, https://www.buzzfeednews.com/article/carolineodonovan/tesla-fremont-factory-injuries/ (last accessed July 24, 2019); Gayathri Vaidyanathan, *Death on the gas field illustrates high risks of the rush to drill*, E&ENEWS.COM, Feb. 21, 2013, https://www.eenews.net/stories/1059976658/ (last accessed July 24, 2019).

25. OSHA previously has released employee statements in response to FOIA requests

---

[2] Further details of Inspection 1292524.015 – Amazon are posted on OSHA's website at https://www.osha.gov/pls/imis/establishment.violation_detail?id=1292524.015&citation_id=01001 (last accessed July 24, 2019).

[3] OSHA defines "SERIOUS" violations as those which "could cause an accident or illness that would most likely result in death or serious physical harm, unless the employer did not know or could not have known of the violation." *See* OSHA, *Federal Employer Rights and Responsibilities Following an OSHA Inspection*, https://www.osha.gov/Publications/fedrites.html (last accessed June 19, 2019).

[4] *Supra*, note 2.

with minimal redactions in much more complicated and severe cases. For example, OSHA released at least four witness statements regarding the death of a drilling company worker. *See* OSHA, *Responsive Documents Regarding Braden Drilling, LLC — Inspection No. 314352154*, https://www.documentcloud.org/documents/435919-osha.html#search/p89 (last accessed July 29, 2019). There, OSHA invoked Exemption 7 to redact personally identifying information about witnesses but provided the substance of their statements.

26. Release of the requested employee statements would inform the public with important contemporaneous and granular facts that speak to this important topic of public concern.

**Second Request and Third Request: 300A Forms**

27. One of OSHA primary purposes is to "require employers to record and report work-related fatalities, injuries, and illnesses." 29 C.F.R. § 1904.

28. One such required OSHA record is Form 300-A, "Summary of Work-Related Injuries and Illnesses" (hereinafter "300A Form") on which companies must summarize on an annual basis all work-related fatalities, injuries, and illnesses at a given worksite.[5] *Id.*

29. Regardless of whether they are under any OSHA investigation or enforcement action, all employers in the United States with more than 10 employees are required to complete a 300A Form for each worksite. *Id.*

30. Companies with 250 or more employees are required to electronically submit information to OSHA from their 300A Forms. *See* Improve Tracking of Workplace Injuries and Illnesses, 81 Fed. Reg. 29,624, 29,625 (May 12, 2016) (establishing the electronic submission requirement); Tracking of Workplace Injuries and Illnesses, 82 Fed. Reg. 380, 381 (Jan. 25, 2019)

---

[5] Blank copies of the 300A Form are available on OSHA's website. OSHA, *Injury & Illness Recordkeeping Forms*, https://www.osha.gov/recordkeeping/RKforms.html (last accessed July 23, 2019).

(requiring 300A data for calendar year 2018 to be submitted by March 2, 2019).

31.     Employers must ensure 300A Forms are easily accessible by posting them for at least three months "in a conspicuous place" and by providing them to current and former employees upon request. 29 C.F.R. § 1904. Employers must also provide copies of 300A Forms to OSHA inspectors upon request. *Id.*

32.     DOL may issue civil penalties to employers who violate OSHA posting requirements. 29 U.S.C. § 666(i); *see also* 29 C.F.R. § 1903.15 (setting a maximum fine of $13,260 for posting violations under 29 U.S.C. 666(i)).

33.     DOL may "publish, either in summary or detailed form, all reports or information" it obtains from employers, including 300A Forms. 29 U.S.C. § 657(g). Further, in addition to requiring employers to post 300A Forms in a "conspicuous place" and to provide 300A Forms to employees upon request, in 2016 OSHA indicated it would publish 300A Form statistics online. 81 Fed. Reg. at 29, 625. Although OSHA has since walked back this proposal, it did not change position based on any supposed confidentiality of 300A data.

34.     OSHA previously has released 300A Forms to CIR and other citizens with minimal redactions in response to FOIA requests. *See, e.g.,* Jennifer Gollan, *He said Goodyear rule kept machines on during repair. He died fixing one*, REVEAL, Dec. 20, 2017, https://www.revealnews.org/article/he-said-goodyear-rule-kept-machines-on-during-repair-he-died-fixing-one/ (last accessed July 24, 2019); Beryl Lipton, *OSHA complaints show awful conditions inside private prisons… for the employees*, MUCKROCK.COM, Jan. 15, 2015, https://www.muckrock.com/news/archives/2015/jan/15/osha-complaints-show-awful-conditions-insides-priv/ (last accessed July 29, 2019).

35.     OSHA itself advocated for publication of 300A Form data, explaining that, among other benefits, "online posting of establishment-specific injury and illness information will

encourage employers to improve workplace safety and health to support their reputations as good places to work or do business with." 81 Fed. Reg. at 29, 630.  OSHA further asserted the published data "will be useful to employers who want to use benchmarking to improve their own safety and health performance," *id.*, and that "researchers might identify previously unrecognized patterns of injuries and illnesses." *Id.* at 29, 631.

36.     The disclosure of 300A Forms reports and statistics has been championed by epidemiologists at the American Public Health Association and the Council of State and Territorial Epidemiologists.  *See* Public Citizen, *OSHA Broke the Law by Refusing Worker Injury and Illness Data: Timely Data Is Needed to Protect Workers from Threats to Health and Safety*, July 25, 2018, https://www.citizen.org/news/osha-broke-the-law-by-refusing-worker-injury-and-illness-data/  (last accessed July 24, 2019).  The Council of State and Territorial Epidemiologists commented to OSHA in 2016 that publication of establishment-level 300A Form data "has the potential to facilitate timely identification of emerging hazards."  81 Fed. Reg. at 29, 646.

37.     State lawmakers have also called for OSHA to release 300A Form data, noting the crucial role that public disclosure "has in encouraging employers to change their practices, in providing workers information they need to advocate for safer workplaces, and most importantly to our work, in enabling states to better target our own enforcement efforts." *Comments of the Attorneys General Of New Jersey, Maryland, Massachusetts, New York, Pennsylvania, Rhode Island, and Washington*, Sept. 28, 2018, https://nj.gov/oag/newsreleases18/2018-0928_NJ-AG-OSHA-Workplace-Injury-Comments.pdf/ (last accessed July 24, 2019).

38.     Various news outlets, including CIR, have used 300A Forms as the basis of watchdog reporting about worker safety.  *See, e.g.*, Will Evans, *Tesla belatedly adds injuries to its books, but it might not face penalties*, REVEAL, May 23, 2018, https://www.revealnews.org/article/tesla-left-injuries-off-the-books-but-it-might-not-face-penalties/ (finding Tesla undercounted injuries on its

300A for 2017) (last accessed July 24, 2019); Julia Carrie Wong, *Tesla workers were seriously hurt more than twice as often as industry average*, May 24, 2017, GUARDIAN.COM, https://www.theguardian.com/technology/2017/may/24/tesla-factory-workers-injuries-higher-than-industry-average (last accessed July 24, 2019).

39. In 2018 and 2019, OSHA investigators inspected Amazon warehouses in Ohio at least three times in response to formal complaints.[6]

40. In 2018 and 2019, OSHA investigators inspected Amazon warehouses in Illinois at least five times in response to formal complaints.[7]

41. Release of the requested 300A Forms would continue to inform the public on this important topic of public concern.

---

[6] OSHA's inspection of Amazon's warehouse in Euclid, OH, took place on Dec. 20, 2018 (Inspection 1367521.015, details of which are available at https://www.osha.gov/pls/imis/establishment.inspection_detail?id=1367521.015/ (last accessed June 14, 2019)). OSHA's inspection of Amazon's warehouse in Obetz, OH, took place on Jan. 15, 2019 (Inspection 1371360.015, details of which are available at https://www.osha.gov/pls/imis/establishment.inspection_detail?id=1371360.015/ (last accessed June 14, 2019)). OSHA's inspection of Amazon's warehouse in North Randall, OH, took place on Feb. 6, 2019 (Inspection 1377288.015, details of which are available at https://www.osha.gov/pls/imis/establishment.inspection_detail?id=1377288.015/ (last accessed June 14, 2019)).

[7] OSHA's inspection of Amazon's warehouse in Crest Hill, IL, took place on Jan. 16, 2019 (Inspection 1371705.015, details of which are available at https://www.osha.gov/pls/imis/establishment.inspection_detail?id=1371705.015 (last accessed July 29, 2019)). OSHA's inspection of Amazon's warehouse in Lisle, IL, took place on Sept. 6, 2018 (Inspection 1344215.015, details of which are available at https://www.osha.gov/pls/imis/establishment.inspection_detail?id=1344215.015 (last accessed July 29, 2019)). OSHA's inspection of Amazon's warehouse in Monee, IL, took place on Sept. 4, 2018 (Inspection 1343890.015, details of which are available at https://www.osha.gov/pls/imis/establishment.inspection_detail?id=1343890.015 (last accessed July 29, 2019)). OSHA's inspection of Amazon's warehouse in Monee, IL, took place on July 5, 2018 (Inspection 1327615.015, details of which are available at https://www.osha.gov/pls/imis/establishment.inspection_detail?id=1327615.015 (last accessed July 29, 2019)). OSHA's inspection of Amazon's warehouse in Waukegan, IL, took place on March 14, 2018 (Inspection 1301593.015, details of which are available at https://www.osha.gov/pls/imis/establishment.inspection_detail?id=1301593.015 (last accessed July 29, 2019)).

# PROCEDURAL BACKGROUND

## First Request: Employee Statements

42. On April 22, 2019, Mr. Evans submitted the First Request to DOL seeking OSHA records pertaining to Inspection 1292524.015. A true and correct copy of the First Request is attached as Exhibit A.

43. Plaintiffs sought a waiver of search and review fees on the grounds that the CIR qualifies as a "representative of the news media" and that the records are not sought for commercial use. 5 U.S.C. § 552(a)(4)(A)(ii).

44. Specifically, Mr. Evans requested the "entire investigative file for Inspection 1292524.015 (including citation, appeal correspondence, settlement correspondence, safety narrative, all inspection notes, witness interviews, photos and video if applicable)." *See* Exhibit A.

45. On April 23, 2019, Mr. Evans received an email from DOL acknowledging the First Request, indicating it was assigned to OSHA, and assigning tracking number 877092. A true and correct copy of that email is attached as Exhibit B.

46. On April 26, 2019, Mr. Evans received a response letter to the First Request from OSHA's Boston office (hereinafter "OSHA Response 1"). A true and correct copy of OSHA Response 1 is attached as Exhibit C.

47. OSHA Response 1 indicated that an attached CD-ROM contained "the contents of the investigative file," but that certain items were withheld entirely or in part. *Id.* The exemptions relevant to this complaint are Exemption 7(C) (withholding private information) and Exemption 7(D) (withholding confidential sources). *See* Exhibit C.

48. Of the 132 pages of responsive documents, at least 25 pages labeled "Employee Statement" or "Witness Statement Form" were withheld in their entirety pursuant to Exemption 7(C) and Exemption 7(D) (hereinafter "the Employee and Witness Statements"). True and correct copies

of the Employee and Witness Statements are attached as Exhibit D.

49. On June 19, 2019, Plaintiffs sent an administrative appeal letter (hereinafter "First Administrative Appeal") to DOL regarding the First Request. A true and correct copy of that letter without attachments is attached as Exhibit E.

50. The First Administrative Appeal 1 stated that withholding employee statements is improper because the requested records are not justifiably withheld under Exemption 7(C) or Exemption 7(D). *See* Exhibit E. It explained that the statements were not compiled for law enforcement purposes, such that Exemption 7 was inapplicable. *Id.* It argued that disclosing the employee statements would not constitute an invasion of personal privacy under Exemption 7(C) since any clearly identifying information such as names or contact information could have been redacted. *Id.* Finally, the letter also argued that releasing the statements would not disclose the identities of any confidential sources under Exemption 7(D) since identifying information could have been redacted. *Id*.

51. On August 23, 2019, DOL sent Plaintiffs an email acknowledging the First Administrative Appeal. A true and correct copy of that acknowledgment is attached as Exhibit F.

52. To date, DOL has made no final determination as to the First Request and the First Administrative Appeal.

53. More than 20 working days have passed since Plaintiffs submitted the First Request on April 22, 2019, and the First Administrative Appeal on June 19, 2019.

54. DOL has failed to comply with FOIA, 5 U.S.C. § 552(a)(6)(A)(i) and (ii), respectively, which require that an agency make determinations with respect to a request and an administrative appeal within 20 business days.

55. Having exhausted all administrative remedies, Plaintiffs now seek injunctive relief.

### Second Request: 300A Forms (Ohio)

56. On May 13, 2019, Mr. Evans submitted the Second Request to OSHA seeking records pertaining to OSHA's 300A Forms. A true and correct copy of that letter is attached as Exhibit G.

57. Plaintiffs sought a waiver of search and review fees on the grounds that the CIR qualifies as a "representative of the news media" and that the records are not sought for commercial use.  5 U.S.C. § 552(a)(4)(A)(ii).  *See* Exhibit G.

58. Specifically, Mr. Evans requested that OSHA provide, "All 300A forms provided by Amazon as part of Inspections 1377288.015, 1371360.015, and 1367521.015." *Id.*

59. On May 13, 2019, OSHA sent a letter acknowledging the Second Request and assigning it tracking number 878010. A true and correct copy of that letter is attached as Exhibit H.

60. On May 22, 2019, Mr. Evans received a letter partially denying his request (hereinafter "OSHA Response 2").  A true and correct copy of that letter is attached as Exhibit I.

61. OSHA Response 2 stated, "You will note some information has been removed from the documents." *See* Exhibit I. It continued, "This is authorized under the rules and regulations, including exemptions, contained in [the FOIA statute]. Exemptions for the actual deleted sections are indicated on each page." *Id*.

62. Within the 12 pages of responsive documents, two 300A Forms were redacted in their entirety (except for the form title and template language) pursuant to Exemption 7(D).  A true and correct copy of the released 300A Forms is attached as Exhibit J.[8]

---

[8] Both 300A Forms at issue here were in a PDF file titled "Amazon Logistics #1377288 (300's)_Redacted FOIA 2019016.pdf." A second PDF file titled "Amazon Logistics Inc. 1367521 ((300)_Redacted FOIA 2019016.pdf" contained no 300A Forms. It is unclear whether the absence of 300A Forms in the second PDF file indicates that OSHA failed to conduct an adequate search for responsive records regarding Inspection 1367521, withheld 300A Forms pertaining to Inspection 1367521 entirely, or found no 300A Forms pertaining to Inspection 1367521. Similarly, OSHA's Denial describes the Request as "regarding AMAZON 1377288 & 1367521" and does not

63. On June 19, 2019, Plaintiffs sent an administrative appeal letter (hereinafter "Second Administrative Appeal") to DOL regarding the Second Request. A true and correct copy of that letter without attachments is attached as Exhibit K.

64. The Second Administrative Appeal stated that withholding 300A Forms was improper because the requested records were not justifiably withheld under Exemption 7(D). *See* Exhibit K. It explained that the statements were compiled for regulatory compliance rather than for law enforcement purposes, such that Exemption 7 was entirely inapplicable. *Id.* The letter also argued that releasing the 300A Forms would not disclose the identities of any confidential sources under Exemption 7(D) since the identity of an author of a 300A Form, i.e., the employer at the relevant worksite, is already known and received no guarantee of confidentiality. *Id*.

65. On July 30, 2019, DOL sent Plaintiffs an email acknowledging the First Administrative Appeal. A true and correct copy of that acknowledgment is attached as Exhibit L.

66. To date, DOL has made no final determination as to the Second Request and Second Administrative Appeal.

67. More than 20 working days have passed since Plaintiffs submitted the Second Request on May 13, 2019, and the Second Administrative Appeal on June 19, 2019.

68. DOL has failed to comply with FOIA, 5 U.S.C. § 552(a)(6)(A)(i) and (ii), respectively, which require that an agency make determinations with respect to a request and an administrative appeal within 20 business days.

69. Having exhausted all administrative remedies, Plaintiffs now seek injunctive relief.

---

mention Inspection 1371360. It is thus unclear whether OSHA failed to conduct an adequate search for records regarding Inspection 1371360, withheld records pertaining to Inspection 1371360 entirely, or found no responsive records pertaining to Inspection 1371360.

**Third Request: 300A Forms (Illinois)**

70. On May 15, 2019, Mr. Evans submitted a the Third Request to OSHA by fax seeking records pertaining to certain OSHA 300A Forms. A true and correct copy of that letter is attached as Exhibit M.

71. Specifically, Mr. Evans requested that OSHA provide: "All 300A forms provided by Amazon as part of these Illinois OSHA inspections: 1371705.015, 1344215.015, 1343890.015, 1327615.015, 1301593.015." *See* Exhibit M.

72. Mr. Evans clearly indicated he was a representative of the news media and that the request was made as part of newsgathering and not for commercial use. *Id.* Mr. Evans also requested a fee waiver and that OSHA notify him of charges before fulfilling the request. *Id.*

73. OSHA subsequently sent a letter to Mr. Evans acknowledging the Third Request and assigning it tracking number 878011. A true and correct copy of that letter is attached as Exhibit N.[9]

74. OSHA's acknowledgment letter described the Third Request as seeking "300A Forms - Amazon." *See* Exhibit N.

75. On June 5, 2019, Mr. Evans received a letter partially denying the Third Request ("OSHA Response 3"). A true and correct copy of that letter is attached as Exhibit O.

76. OSHA Response 3 characterized Mr. Evans's request as concerning "Amazon 300 Logs." *See* Exhibit O.

77. OSHA Response 3 stated, "You will note some information has been removed." *Id.* It continued, "This is authorized under the rules and regulations, including exemptions, contained in the Freedom of Information Act. Exemptions for the actual deleted sections are indicated on each page." *Id.*

78. OSHA Response 3 indicated Mr. Evans was required to pay fees, but it did not address Mr. Evans's status as a member of the news media or his request for a fee waiver. *Id.* It indicated the total fees were $47.15, the majority of which was for professional review time. *Id.*

---

[9] OSHA's acknowledgment letter is dated May 13, 2019, but Mr. Evans did not submit this request until May 15, 2019. *See* Exhibit N.

79. OSHA enclosed 13 pages of responsive documents,[10] of which only one page was a 300A Form, the type of document Mr. Evans requested. True and correct copies of all responsive documents are attached as Exhibit P. The remaining 12 pages consisted of 300 Logs, which Mr. Evans did not request. *See* Exhibit P.

80. All information on the 300A Form was redacted under Exemption 4 except for template language and basic information about the warehouse. *Id.*

81. On August 8, 2019, Plaintiffs sent an administrative appeal letter (hereinafter "Third Administrative Appeal") to DOL regarding Request 3. A true and correct copy of that letter without attachments is attached as Exhibit Q.

82. The Third Administrative Appeal stated that withholding 300A Forms was improper because the requested records were not justifiably withheld under Exemption 4. *See* Exhibit Q. It explained that 300A Forms do not contain trade secrets or any commercial or financial information. *Id.* The letter also stated that 300A Forms are not privileged or confidential. *Id.* Finally, it argued that disclosing the 300A Form would not harm any interest protected by Exemption 4 under the "foreseeable harm" standard.

83. The Third Administrative Appeal also stated that OSHA charged inappropriate fees for processing of Request 3 because OSHA failed to categorize Mr. Evans as a news media requester, charged for records Mr. Evans never requested, and failed to respond to his request for a waiver of all fees. *Id.*

84. To date, DOL has made no final determination as to the Third Request and the Third Administrative Appeal.

85. More than 20 working days have passed since Plaintiffs submitted the Third Request

---

[10] Another attachment to the Denial indicated the provided records concerned "Amazon 300 Logs #1343890," presumably corresponding to OSHA Inspection 1343890.015, per Mr. Evans' request. The same attachment seems to indicate no responsive records were available concerning Inspection 1327615.015 and Inspection 1371705.015. But OSHA's response does not indicate whether any search was conducted for 300A Forms relevant to Inspection 1344215.015 and Inspection 1301593.01.

on May 15, 2019, and the Third Administrative Appeal on August 8, 2019.

86. DOL has failed to comply with FOIA, 5 U.S.C. § 552(a)(6)(A)(i) and (ii), respectively, which require that an agency make determinations with respect to a request and an administrative appeal within 20 business days.

87. Having exhausted all administrative remedies, Plaintiffs now seek injunctive relief.

## CAUSE OF ACTION

### Violation of Freedom of Information Act

88. Plaintiffs repeat and reallege paragraphs 1-87.

89. DOL is subject to FOIA and must therefore release in response to a FOIA request any disclosable records in its possession and provide a lawful reason for withholding any materials as to which it is claiming an exemption.

90. DOL has no lawful basis for declining to release the records requested by Plaintiffs under FOIA.

91. DOL has failed to act on Plaintiffs' request and appeal within the 20 business days required by FOIA. *See* 5 U.S.C. § 552(a)(6)(A)(i) and (ii). Accordingly, Plaintiffs are deemed to have exhausted their administrative remedies under FOIA.

92. Plaintiffs are entitled to declaratory and injunctive relief compelling the release and disclosure of the requested records.

## REQUESTED RELIEF

WHEREFORE, Plaintiffs prays that this Court:

1. Declare that Defendant DOL violated FOIA by failing to provide requested records in response to Plaintiffs' FOIA request, charging inappropriate fees, failing to categorize Mr. Evans

as a news media requester, and failing to notify Plaintiffs of any determination as to the Requests and Appeals;

2. Declare that the documents sought by their Requests, as described in the foregoing paragraphs, are public under 5 U.S.C. § 552 and must be disclosed;

3. Order Defendant DOL to provide the requested documents to Plaintiffs within 20 business days of the Court's order;

4. Award Plaintiffs the costs of this proceeding, including reasonable attorneys' fees, as expressly permitted by FOIA; and

5. Grant Plaintiffs such other and further relief as this Court may deem just and proper.


DATED:  September 5, 2019                    Respectfully submitted,


                                             By:  /s/ *D. Victoria Baranetsky*
                                             D. Victoria Baranetsky (SBN 311892)
                                             THE CENTER FOR INVESTIGATIVE REPORTING
                                             1400 65th St., Suite 200
                                             Emeryville, CA 94608
                                             Telephone: (510) 809-3160
                                             Email: vbaranetsky@revealnews.org

                                             Attorney for Plaintiffs