# Exhibit A



Shawn Musgrave <smusgrave@revealnews.org>

---

## Fwd: Acknowledgment

---

**Will Evans** <wevans@revealnews.org>
To: Shawn Musgrave <smusgrave@revealnews.org>

Mon, Jun 10, 2019 at 4:02 PM

Here's my original request for FOIA 877092

---------- Forwarded message ----------
From: **Karamoko, Arginia - SOL** <Karamoko.Arginia@dol.gov>
Date: Tue, Apr 23, 2019 at 12:56 PM
Subject: Acknowledgment
To: Will Evans <wevans@revealnews.org>
Cc: Oliver, Ramona - SOL <Oliver.Ramona@dol.gov>, FOIA OSHA <OSHA.FOIA@dol.gov>

Hello:

Your request has been assigned to OSHA with tracking number **877092**. When they begin processing it, you will be able to track its progress at www.dol.gov/foia. If you need to contact them about it for any reason, please submit your inquiry through osha.foia@dol.gov or phone 202-693-1999. In addition, it would be helpful to include the tracking number in the Subject line of any submission to the agency or to have it available at the time of your call.

Sincerely,

**Arginia Karamoko**

Government Information Specialist, Office of Information Services

Office of the Solicitor I Management & Administrative Legal Services

U.S. DEPARTMENT OF LABOR

200 Constitution Ave., N.W., N-2420 I Washington, DC  20210

T: (202) 693-5531 I F: (202) 693-5389 I  E: karamoko.arginia@dol.gov

**From:** Will Evans <wevans@revealnews.org>
**Sent:** Monday, April 22, 2019 5:00 PM
**To:** FOIARequests <FOIARequests@dol.gov>
**Subject:** FOIA request - OSHA

Dear FOIA Officer,

Under the Freedom of Information Act, I am requesting a copy of the following records from OSHA:

The entire investigative file for **Inspection 1292524.015** (including citation, appeal correspondence, settlement correspondence, safety narrative, all inspection notes, witness interviews, photos and video if applicable).

I am a representative of the news media as a reporter with Reveal from The Center for Investigative Reporting, a non-profit investigative journalism organization. This request is made as part of news gathering and not for a commercial use. I respectfully ask that you waive fees related to this request. Please notify me of any charges before fulfilling this request.

Please contact me with any questions at 510-809-2209 or wevans@revealnews.org

Thank you for your attention to this request.

Sincerely,
Will Evans
Reveal / The Center for Investigative Reporting
1400 65th, Suite 200
Emeryville, CA 94608

--

Will Evans

reporter

o: 510-809-2209



from The Center for Investigative Reporting

www.revealnews.org

--
Will Evans
reporter
o: 510-809-2209



from The Center for Investigative Reporting

www.revealnews.org

# Exhibit B

7/29/2019                              Center for Investigative Reporting Mail - Fwd: Acknowledgment

                        Shawn Musgrave <smusgrave@revealnews.org>

## Fwd: Acknowledgment

**Will Evans** <wevans@revealnews.org>                         Mon, Jun 10, 2019 at 4:02 PM
To: Shawn Musgrave <smusgrave@revealnews.org>

Here's my original request for FOIA 877092

---------- Forwarded message ---------
From: **Karamoko, Arginia - SOL** <Karamoko.Arginia@dol.gov>
Date: Tue, Apr 23, 2019 at 12:56 PM
Subject: Acknowledgment
To: Will Evans <wevans@revealnews.org>
Cc: Oliver, Ramona - SOL <Oliver.Ramona@dol.gov>, FOIA OSHA <OSHA.FOIA@dol.gov>


Hello:


Your request has been assigned to OSHA with tracking number **877092**. When they begin processing it, you will be able to track its progress at www.dol.gov/foia. If you need to contact them about it for any reason, please submit your inquiry through osha.foia@dol.gov or phone 202-693-1999. In addition, it would be helpful to include the tracking number in the Subject line of any submission to the agency or to have it available at the time of your call.


Sincerely,


**Arginia Karamoko**

Government Information Specialist, Office of Information Services

Office of the Solicitor I Management & Administrative Legal Services

U.S. DEPARTMENT OF LABOR

200 Constitution Ave., N.W., N-2420 I Washington, DC  20210

T: (202) 693-5531 I F: (202) 693-5389 I  E: karamoko.arginia@dol.gov


**From:** Will Evans <wevans@revealnews.org>
**Sent:** Monday, April 22, 2019 5:00 PM
**To:** FOIARequests <FOIARequests@dol.gov>
**Subject:** FOIA request - OSHA


Dear FOIA Officer,

Under the Freedom of Information Act, I am requesting a copy of the following records from OSHA:

The entire investigative file for **Inspection 1292524.015** (including citation, appeal correspondence, settlement correspondence, safety narrative, all inspection notes, witness interviews, photos and video if applicable).

I am a representative of the news media as a reporter with Reveal from The Center for Investigative Reporting, a non-profit investigative journalism organization. This request is made as part of news gathering and not for a commercial use. I respectfully ask that you waive fees related to this request. Please notify me of any charges before fulfilling this request.

Please contact me with any questions at 510-809-2209 or wevans@revealnews.org

Thank you for your attention to this request.

Sincerely,
Will Evans
Reveal / The Center for Investigative Reporting
1400 65th, Suite 200
Emeryville, CA 94608

--

Will Evans

reporter

o: 510-809-2209



from The Center for Investigative Reporting

www.revealnews.org

--
Will Evans
reporter
o: 510-809-2209



from The Center for Investigative Reporting

www.revealnews.org

# Exhibit C

**U.S. Department of Labor**     **Occupational Safety and Health Administration**
Boston Area Office - South
639 Granite Street – 4th Floor
Braintree, MA 02184-5335



April 26, 2019

Will Evans
Reveal/The Center for Investigative Reporting
1400 65th – Suite 200
Emeryville, CA 94608

Re:     FOIA #877092 – Amazon – Inspection #1292524.015 – 02/05/2018

Dear Mr. Evans,

This will serve to acknowledge receipt of your April 22, 2019, Freedom of Information Act disclosure request that received at this office on April 23, 2019 and my response. I would like to point out that it is the Occupational Safety and Health Administration's policy to disclose information to the maximum extent practicable. See 29 CFR #70.3. In this regard, it should be noted that, where the public interest underlying an exemption would not be frustrated by the release of otherwise exempt material, the Agency has the discretion to release such material.

In the CD attachment, you will find the contents of the investigative file presented in PDF format. As you will note, certain items identified herein have been withheld entirely or in part pursuant to one or more of the following exemptions:

| | |
|---|---|
| Exemption #4: | Trade secrets and commercial or financial information obtained from a person that is privileged or confidential. |
| Exemption #5: | The investigator's and/or supervisor's opinion and impressions concerning this case. |
| Exemption #6 | Personnel, medical, similar files that would constitute an unwarranted invasion of privacy |
| Exemption #7(A): | Information that could reasonably be expected to interfere with enforcement proceedings. |
| Exemption #7(C): | Names, addresses, telephone numbers and job descriptions found in items of persons whose right to privacy would be violated by disclosure of the information. |
| Exemption #7(D): | Protects from disclosure confidential sources. |

If you have any questions about this FOIA determination, please contact our office at 617-565-6924. Please be advised that we no longer provide certified copies per the September 18, 2017 directive to discontinue authentication and certification seal under FOIA and requested records.

You have the right to appeal this decision with the Solicitor of Labor within 90 days from the date of this letter. The appeal must state, in writing, the grounds for the appeal, including any supporting statements or arguments. The appeal should also include a copy of your initial request and a copy of this letter.

If you appeal, you may mail your appeal to: Solicitor of Labor, U.S. Department of Labor, Room N-2420, 200 Constitution Avenue, N.W., Washington, D.C. 20210 or fax your appeal to (202) 693-5538. Alternatively, you may email your appeal to foiaappeal@dol.gov; appeals submitted to any other email address will not be accepted. The envelope (if mailed), subject line (if emailed), or fax cover sheet (if faxed), and the letter indicating the grounds for appeal, should be clearly marked: "Freedom of Information Act Appeal."

In additional to filing an Appeal, you may contact the Department's FOIA Public Liaison, Thomas G. Hicks, Sr. at (202) 693-5427 or hicks.thomas@dol.gov for assistance in resolving disputes.

You also may contact the Office of Government Information Services (OGIS) for assistance. OGIS offers mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect your right to pursue litigation. You may mail OGIS at the Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road – OGIS, College Park, MD 20740-6001. Alternatively, you may email or contact OGIS through its website at: ogis@nara.gov; Web: https://ogis.archives.gov. Finally, you can call or fax OGIS at: telephone: (202) 741-5770; fax: (202) 741-5769; toll-free: 1-877-684-6448.

It is also important to note that the services offered by OGIS, is not an alternative to filing an administrative FOIA appeal.

The cost of providing these records, in line with the regulations published under 29 CFR 70.40, is as follows:

| | |
|---|---|
| Search time 1/4 hour @ $40.00/hour ………………......………..... | $ 0.00 |
| Review/redacting fee 1 hour @ $40.00/hour……………….....…… | $ 0.00 |
| Reproduction fee $.15 per page ……………………….............. | $ 0.00 |
| Computer search fee, if applicable……… …………………...… | $ 0.00 |
| Computer media cost, if applicable………………………………... | $ 0.00 |
| Mailing/Handling costs……………………… .......……………….... | $ 0.00 |
| ***Total Amount Due***……………………………………………..*$ 0.00* | |

Please make your check or money order payable to "Treasury of the United States" per regulation 29 CFR 70.43(b) and submit the fee (if any) to U.S. Dept. of Labor-OSHA, 639 Granite Street, 4th floor, Braintree, MA. 02184.  Please be sure to note the FOIA number on the check or include page 1 of this letter. If we can be of further assistance to you, please feel free to contact our office.

Sincerely,

James E. Mulligan
AREA DIRECTOR

JEM/kmp

# Exhibit D

AMAZON                                        4/2/18  ②

Company wide is vests. Sites can go beyond
the corporate mandate on PPE.

HHr?.  Have looked at ⊕ bump caps
Still considering.

Initial contact was before 12/6. Contact to
ERC (Employee) says ~~the~~ had a stroke
                    Relations      [(b) (7)(C)]      ERC ~~tells~~ told
                    Contact

~~EHS~~ HR/ERC.
  Tried to reach [(b) (7)(C)] sister (emergency
but got no response              Contact)

– EHS notified 1 month + 1 week later
from WC that a claim was filed.

[(b) (7)(C)]

(b) (7)(C)

(b) (7)(C)

(b) (7)(C), (b) (7)(D) Employee Statements

(b) (7)(C), (b) (7)(D) Employee Statement





(b) (7)(C), (b) (7)(D) Employee Statement

(b) (7)(C), (b) (7)(D) Employee Statement



(b) (7)(C), (b) (7)(D) Employee Statement





(b) (7)(C), (b) (7)(D) Employee Statement



(b) (7)(C), (b) (7)(D) Employee Statement



(b) (7)(C), (b) (7)(D) Employee Statement

(b) (7)(C), (b) (7)(D) Employee Statement



(b) (7)(C), (b) (7)(D) Employee Statement



(b) (7)(C), (b) (7)(D) Employee Statement





(b) (7)(C), (b) (7)(D) Employee Statement

(b) (7)(C), (b) (7)(D) Employee Statement



(b) (7)(C), (b) (7)(D) Employee Statement





(b) (7)(C), (b) (7)(D) Employee Statement



(b) (7)(C), (b) (7)(D) Employee Statement



(b) (7)(C), (b) (7)(D) Employee Statement



(b) (7)(C), (b) (7)(D) Employee Statement

(b) (7)(C), (b) (7)(D) Employee Statement





(b) (7)(C), (b) (7)(D) Employee Statement



(b) (7)(C), (b) (7)(D) Employee Statement



(b) (7)(C), (b) (7)(D) Employee Statement

amazon.com

## Witness Statement Form

Adopted February 2005



Only

# amazon.com.

**Witness Statement Form**
Adopted February 2005

**NOTE TO ASSOCIATE:** Thank you for taking time to complete this Witness Statement Form. The information you provide will help Amazon.com to thoroughly investigate the issue that has been brought to our attention. Please indicate on this form below, in Section II, exactly what you saw, heard, and know about the issue you are providing this statement about.

## SECTION I: INFORMATION ABOUT THE PERSON MAKING THIS STATEMENT

(b) (7)(C)                    (b) (7)(C)

|  | Work Phone |
|---|---|

(b) (7)(C)

For Internal amazon.com Use Only

Phone call 1-26-18   (b) (7)(C)

(b) (7)(D), (b) (7)(C) Employee Statement

# Exhibit E

Solicitor of Labor
U.S. Department of Labor
Room N-2428
200 Constitution Avenue, NW Room N2420
Washington, DC 20210
foiaappeal@dol.gov

June 19, 2019

VIA U.S. MAIL AND ELECTRONIC DELIVERY

**Re: Freedom of Information Act Appeal FOIA No. 877092**

To Whom It May Concern:

      The Center for Investigative Reporting ("CIR") hereby writes to appeal on behalf of the requester, Mr. Will Evans, pursuant to the Freedom of Information Act, 5 U.S.C. § 552 from a partial denial sent by Occupational Safety and Health Administration ("OSHA") a division of the Department of Labor ("DOL") on April 26, 2019, involving disclosure of the investigative file for OSHA Inspection 1292524.015.

## I.    Factual Background

      OSHA's mission is to "to assure safe and healthful conditions for working men and women," including by conducting inspections and interviewing employees at worksites in response to complaints. OSHA, *All About OSHA*.[1] On Feb. 5, 2018, in response to a complaint, inspectors from OSHA's South Boston office visited Amazon's warehouse in Stoughton, MA to conduct Inspection 1292524.015.[2] OSHA cited Amazon for inadequate protective headwear,[3] a violation categorized as "SERIOUS."[4] OSHA

---

[1] Available at https://www.osha.gov/Publications/all_about_OSHA.pdf (last accessed June 13, 2019).

[2] Further details of Inspection 1292524.015 – Amazon are posted on OSHA's website at https://www.osha.gov/pls/imis/establishment.inspection_detail?id=1292524.015 (last accessed June 19, 2019).

[3] Available at https://www.osha.gov/pls/imis/establishment.violation_detail?id=1292524.015&citation_id=01001 (last accessed June 13, 2019).

[4] OSHA defines "SERIOUS" violations as those which "could cause an accident or illness that would most likely result in death or serious physical harm, unless the employer did not know or could not have known of the violation." *See* OSHA, *Federal Employer Rights and Responsibilities Following an OSHA Inspection*, available at https://www.osha.gov/Publications/fedrites.html (last accessed June 19, 2019).

1

1400 65th, Suite 200 Emeryville, CA 94608
PHONE 510 809 3160    TWITTER @CIRonline
WEB cironline.org

initially issued Amazon a penalty for $10,365.00.[5] In July 2018, however, OSHA entered into an "informal settlement" with Amazon. OSHA guidance indicates OSHA Area Directors can enter into informal settlements with employers "except for egregious cases, or cases that affect other jurisdictions," and that such settlements can "adjust the total proposed penalty." OSHA Field Operations Manual (Aug. 2016) at 8-1.[6] To qualify for informal settlement, an employer must "show that they have developed or will continue to improve on a safety and health program and have, or are in the process of, abating all cited violations." *Id.* at 8-2.

Under the informal settlement, OSHA eliminated the penalty against Amazon.[7]

## II.    Procedural History

On April 22, 2019, Mr. Evans submitted a FOIA request to DOL (hereinafter "the Request") seeking OSHA records pertaining to Inspection 1292524.015. A true and correct copy of his FOIA request is attached as Exhibit A. More specifically, Mr. Evans requested that OSHA provide the "entire investigative file for Inspection 1292524.015 (including citation, appeal correspondence, settlement correspondence, safety narrative, all inspection notes, witness interviews, photos and video if applicable)." *Id.*

On April 23, 2019, Mr. Evans received an email from DOL acknowledging the Request, indicating the Request was assigned to OSHA, and assigning tracking number 877092. A true and correct copy of that email is attached as Exhibit B. On April 26, 2019, Mr. Evans received a response letter to his FOIA request from OSHA's Boston office (hereinafter "the Response"). A true and correct copy of that Response is attached as Exhibit C. The Response indicated that an attached CD-ROM contained "the contents of the investigative file," but that certain items were withheld entirely or in part. *Id.* The exemptions relevant to this appeal are Exemption 7(C) (withholding private information) and Exemption 7(D) (withholding confidential sources). *Id.* Of the 132 pages of responsive documents, at least 25 pages labeled "Employee Statement" or "Witness Statement Form" were withheld in their entirety pursuant to Exemption 7(C) and Exemption 7(D) (hereinafter "the Employee and Witness Statements"). True and correct copies of the Employee and Witness Statements are attached as Exhibit D.

CIR now appeals the withholding of the Employee and Witness Statements in their entirety. This appeal is timely according to 29 C.F.R. § 70.

---

[5] *Supra* note 3.
[6] Available at https://www.osha.gov/OshDoc/Directive_pdf/CPL_02-00-160.pdf.
[7] *Supra* note 3.

1400 65th, Suite 200 Emeryville, CA 94608
PHONE 510 809 3160                     TWITTER @CIRonline
                     WEB cironline.org

### III.   Argument

The Freedom of Information Act seeks "to ensure an informed citizenry, vital to the functioning of a democratic society." *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978). Exemption 7 permits withholding of records that were "compiled for law enforcement purposes." 5 U.S.C. § 552(b)(7). More specifically, under Exemption 7(C), an agency may only withhold records or information if disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). And under Exemption 7(D), an agency may only withhold records or information if disclosure "could reasonably be expected to disclose the identity of a confidential source." 5 U.S.C. § 552(b)(7)(D). Notwithstanding, an agency must provide "[a]ny reasonably segregable portion of a record … after deletion of the portions which are exempt." 5 U.S.C. § 552(b). *See also* 29 C.F.R. § 70.3, "Presumption of Openness" (when DOL determines full disclosure of requested records is not possible, it "will consider whether partial disclosure is possible and will take reasonable steps to segregate and release nonexempt material").

OSHA cannot meet its burden to show that withheld information and documents are exempt under Exemption 7(C) and Exemption 7(D) because the documents were not compiled for law enforcement purposes, disclosure cannot reasonably be expected to constitute an unwarranted invasion of personal privacy, and disclosure cannot reasonably be expected to disclose the identity of confidential sources. Further, OSHA improperly withheld the requested documents in their entirety rather than provide non-exempt portions that were reasonably segregable.

### A.  Exemption 7 is inapplicable because the Employee and Witness Statements were not compiled for law enforcement purposes.

Exemption 7 applies only to "records or information compiled for law enforcement purposes." 5 U.S.C. § 552(b)(7). The Supreme Court has explained that the "threshold requirement for qualifying under Exemption 7 turns on the purpose for which the document sought to be withheld was prepared." *FBI v. Abramson*, 456 U.S. 615, 624 (1982). "Exemption 7 cannot be used as 'pretext' to withhold documents related to 'generalized monitoring and information-gathering that are not related to the [agency's] law enforcement duties.'" *Am. Civil Liberties Union of N. Cal. v. Fed. Bureau of Investigation*, 881 F.3d 776, 779 (9th Cir. 2018) (quoting *Rosenfeld v. U.S. Dep't of Justice*, 57 F.3d 803, 808 (9th Cir. 1995)). The documents must have a "rational nexus to a law that the agency is authorized to enforce." *Id.* Courts will "scrutinize with some skepticism the particular purpose claimed" if the agency has a mixed law enforcement and administrative functions. *Tax Analysts v. IRS*, 294 F.3d 71, 77 (D.C. Cir. 2002).

Here, OSHA has not proffered any evidence of a rational nexus to show the Employee and Witness Statements were compiled for law enforcement purposes. The

3

1400 65th, Suite 200 Emeryville, CA 94608
PHONE 510·809·3160                                TWITTER @CIRonline
                                 WEB cironline.org

"mere possibility of a legal violation [is not] sufficient" to show a law enforcement purpose. *Bartko v. United States Dep't of Justice*, 898 F.3d 51, 64 (D.C. Cir. 2018) (ruling internal investigation records could not be withheld under law enforcement exemptions under rational nexus test). Given OSHA's mixed law enforcement and administrative functions, courts are likely to scrutinize with considerable skepticism any claimed law enforcement exemption. Even for agencies with law enforcement functions, documents compiled outside the context of an investigation do not qualify for Exemption 7 purposes. *See Sladek v. Bensinger*, 605 F.2d 899, 903 (5th Cir. 1979) (holding Exemption 7 inapplicable to DEA manual that "was not compiled in the course of a specific investigation"). OSHA cannot, as it did here, invoke Exemption 7 without far more support than a boilerplate response.

OSHA itself has recognized that Exemption 7 and its subsidiary exemptions are inapplicable to many of its records. In ongoing litigation, OSHA recently pivoted from claiming requested data was exempt under Exemption 7(E) to claiming it was subject to Exemption 4. *Public Citizen v. U.S. Dep't of Labor*, Civ. No. 18–cv–117 (D.D.C. filed Jan. 19, 2018).[8]

### B. Releasing the Employee and Witness Statements would not constitute an invasion of personal privacy under Exemption 7(C), much less an unwarranted one.

To withhold pursuant to Exemption 7(C), an agency must demonstrate disclosure reasonably risks an invasion of personal privacy. A disclosure implicates a privacy interest when it affects an "individual's control of information concerning his or her person" or involves the "disclosure of records containing personal details about private citizens." *U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 766, (1989). If disclosure implicates a privacy interest, then "the competing [public] interests in privacy and disclosure" must be balanced so as to guard against unwarranted invasions. *Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 172 (2004).

Applying these standards, the U.S. Supreme Court and Ninth Circuit have only applied withholdings under Exemption 7(C) to clearly identifying information. For instance, individuals' names, social security numbers, and/or intensely personal documents are proper to withhold. *See, e.g., Favish*, 541 U.S. at 170 (withholding grisly facts of trauma); *Tuffly v. U.S. Dep't of Homeland Sec.*, 870 F.3d 1086, 1094 (9th Cir. 2017) (names raised "significant privacy concerns"); *Lahr v. Nat'l Transp. Safety Bd.*, 569 F.3d 964, 977 (9th Cir. 2009) (names). By contrast, the Ninth Circuit has rejected applying Exemption 7(C) to documents that are insufficiently personal or individually identifying. In *Lissner v. U.S. Customs Serv.*, 241 F.3d 1220, 1223–24 (9th Cir. 2001),

---

[8] See Def.'s Mem. Supp. Summ. J. 2 n.1, ECF No. 14-1 ("Although in DOL's FOIA response letters . . . DOL withheld the information under Exemption 7(E) of the FOIA, DOL later determined that the proper Exemption to apply is Exemption 4").

4

the Ninth Circuit found documents were improperly withheld because they did not "reveal intimate, private details." Information including a "general physical description" of two individuals, including their height, weight, eye color, and ethnicity "implicate[d] no personal privacy interest." *See also Van Bourg, Allen, Weinberg & Roger v. N.L.R.B.,* 751 F.2d 982, 986 (9th Cir. 1985) (finding no "intimate or personal details which raised privacy concerns").

Here, OSHA sweepingly applied Exemption 7(C) to Employee and Witness Statements in an unjustified manner. While OSHA's withholding of witnesses' names and addresses may have been proper, OSHA also withheld information such as witnesses' job descriptions and observations. *See Cooper Cameron Corp. v. U.S. Dep't of Labor, Occupational Safety & Health Admin.,* 280 F.3d 539, 554 (5th Cir. 2002) (holding that OSHA could not withhold "linking information," i.e., information "that *might* reveal [employee-witnesses'] identities" in combination with data from other sources). These are not the kind of "intimate" details covered by Exemption 7(C). Indeed, the bulk of the Employee and Witness Statements almost certainly do not contain private information. Rather, their statements contain observations and impressions as recounted to OSHA investigators.

OSHA's own disclosure practices further support this conclusion. In response to prior FOIA requests, OSHA has released documents nearly identical to the Employee and Witness Statements.[9] For instance, in October 2018, in response to FOIA No. 866474, OSHA released a partially redacted employee statement given to OSHA investigators regarding Inspection 1309319.015.[10] Notably, OSHA released the full statement without even redacting the employee's name or signature, and invoked Exemption 7(C) only to redact another signature on the last page. Similarly, when OSHA released its investigative file regarding Inspection 314352154 in response to another FOIA,[11] it

---

[9] Similarly, OSHA's sister agencies at the state level have also supplied witness statements with far fewer redactions. For example, in response to requests filed under their respective public records statutes, the state OSHAs in California and Indiana produced witness statements regarding workplace accidents. Both states redacted varying amounts of information about the witnesses themselves, but released the substance of their statements. True and correct copies of such witness statements obtained from state OSHAs are attached as Exhibit E.

[10] See OSHA's response letter dated Oct. 23, 2018 at https://www.muckrock.com/foi/united-states-of-america-10/georiga-power-and-southern-nuclear-osha-records-60941/#file-229576 (last accessed June 13, 2019) and an employee statement released pursuant to FOIA No. 866474 at https://www.documentcloud.org/documents/5027568-Southern-Nuclear-Redacted-pdf.html#document/p43 (last accessed June 13, 2019).

[11] See witness statements released pursuant to FOIA regarding Inspection 314352154, available at https://www.documentcloud.org/documents/435919-osha.html#search/p89, https://www.documentcloud.org/documents/435919-osha.html#search/p94, https://www.documentcloud.org/documents/435919-osha.html#search/p99, and https://www.documentcloud.org/documents/435919-osha.html#search/p104

1400 65th, Suite 200 Emeryville, CA 94608
PHONE 510 809 3160                    TWITTER @CIRonline
                        WEB cironline.org

included multiple witness statements. Again, OSHA invoked Exemption 7(C) to redact witnesses' names and contact information, but released the substance of each statement. OSHA has done the same in releasing documents pertaining to other inspections.[12] In short, in responding to past FOIA requests, OSHA has applied Exemption 7(C) far less sweepingly than it did here.

Finally, even if OSHA can demonstrate that releasing the substance of the Employee and Witness Statements implicates any privacy interest, the balance tips in favor of disclosure because of the considerable public interest in these documents. The Supreme Court has repeatedly held that the "only relevant public interest in the FOIA balancing analysis [is] the extent to which disclosure of the information sought would 'she[d] light on an agency's performance of its statutory duties.'" *U.S. Dep't of Def. v. Fed. Labor Relations Auth.*, 510 U.S. 487, 497(1994) (quoting *Reporters Comm.*, 489 U.S. at 773). The Fifth Circuit has found the "public interest in monitoring OSHA's investigation outweighs any possible interest" that employee witnesses might have in the substance of their statements. *Cooper Cameron*, 280 F.3d at 554.

As in *Cooper Cameron*, Employee and Witness Statements unquestionably shed light on OSHA's performance of its statutory duties to ensure safety in the workplace by conducting investigations like the one at hand. Without access to these records, it is impossible to know what witnesses told OSHA investigators. These statements thus bear directly on the propriety of OSHA's decision to enter into a settlement with Amazon, as well as other accountability questions.

### C. The Employee and Witness Statements cannot be withheld under Exemption 7(D) because they do not reveal confidential sources.

OSHA mischaracterized Exemption 7(D) as a broad exemption which "[p]rotects from disclosure confidential sources." This is not the relevant Exemption 7(D) standard. Rather, to invoke Exemption 7(D), OSHA bears the burden of showing requested documents or information risks revealing the *identities* of confidential sources. 5 U.S.C. § 552(b)(7)(D). The much broader provision exempting *all information* furnished by confidential sources applies solely to criminal law enforcement and national security intelligence agencies. *See* U.S. Department of Justice, *Attorney General's Memorandum on the 1986 Amendments to the Freedom of Information Act* at 14 (Dec. 1987) (explaining that modifications were made to make clear "information furnished by a confidential source is exempt, so long as it was furnished *in connection with a criminal or lawful national security investigation*" (emphasis added)). OSHA, which is neither a

---

(last accessed June 13, 2019).
[12] See documents released under FOIA regarding Kantner Iron and Steel, Inc., available at https://www.fairwarning.org/wp-content/uploads/2016/03/Kantner_witness_statements.pdf (last accessed June 13, 2019).

1400 65th, Suite 200 Emeryville, CA 94608
PHONE 510 809 3160                    TWITTER @CIRonline
                    WEB cironline.org

criminal law enforcement nor a national security intelligence agency, can only invoke the narrower provision of Exemption 7(D).

OSHA cannot meet its difficult burden of demonstrating that the Employee and Witness Statements reveal the identities of confidential sources. The Fifth Circuit has definitively held that witness statements collected by OSHA cannot be presumed confidential under Exemption 7(D). *Cooper Cameron*, 280 F.3d at 552 (ordering statements disclosed because "hold[ing] . . . that OSHA's investigative records, as a category, are implicitly confidential would be unwarranted and would plow new ground"). Indeed, not even all FBI informants qualify as confidential, *U.S. Dep't of Justice v. Landano*, 508 U.S. 165, 175 (1993). Without more, these OSHA witnesses do not qualify as "confidential" for purposes of Exemption 7(D). And while identifying information such as names *may ostensibly* be redacted, the remaining portions must be disclosed. *Contrast Pollard v. F.B.I.*, 705 F.2d 1151, 1155 (9th Cir. 1983) (withholding FBI document where information only included "names of people and organizations"). OSHA's disclosure practices bolster this conclusion, as the agency has previously redacted witness names, contact information, or other personal identifiers, but not the entirety of their statements.[13]

## IV.   Conclusion

In conclusion, DOL should remand to OSHA with instruction to release all relevant information immediately. Should OSHA need clarification as to any aspect of the Request, it may reach me at vbaranetsky@revealnews.org or (510) 982-2890.

Sincerely,

Victoria D. Baranetsky
General Counsel
The Center for Investigative Reporting

cc: Will Evans

---

[13] *See* notes 10-12, *supra*.

1400 65th, Suite 200 Emeryville, CA 94608
PHONE 510 809 3160                    TWITTER @CIRonline
             WEB cironline.org

# Exhibit F

8/28/2019    Center for Investigative Reporting Mail - Fwd: Acknowledgment Letter _190178 Baranetsky.docx



Shawn Musgrave <smusgrave@revealnews.org>

---

# Fwd: Acknowledgment Letter _190178 Baranetsky.docx

---

Victoria Baranetsky <vbaranetsky@revealnews.org>        Fri, Aug 23, 2019 at 3:16 PM
To: Will Evans <wevans@revealnews.org>, Shawn Musgrave <smusgrave@revealnews.org>

FYI.

---------- Forwarded message ---------
From: **Mitten, Raymond - SOL** <Mitten.Raymond@dol.gov>
Date: Fri, Aug 23, 2019 at 10:09 AM
Subject: Acknowledgment Letter _190178 Baranetsky.docx
To: vbaranetsky@revealnews.org <vbaranetsky@revealnews.org>


Good afternoon Ms. Baranetsky,


Please find attached the acknowledgment letter from the FOIA Appeals Unit regarding your June 19, 2019 appeal re: Amazon, Inspection No. 1292524.015.   I apologize if this is a duplicate letter.   I am sending/resending it now as it is unclear from our file whether an acknowledgment was mailed to you.   Your appeal has been assigned Appeal No. 190178.  Moving forward, if you have any questions or concerns regarding your appeal, please reference this number.


Thank you for your cooperation.


Sincerely,



Raymond E. Mitten Jr.

Counsel for FOIA Appeals

U.S. Department of Labor, Office of the Solicitor

Division of Management and Administrative Legal Services


--
Victoria D. Baranetsky
General Counsel
**(w)** 510-982-2890
**(c)** 201-306-4831
**PGP** EA48 1FB7 98E3 156E 3AFF  6748 F7B1 8B23 0838 D7F5



📄 **Acknowledgment Letter _190178 Baranetsky.docx**

21K

Appeals Unit
Freedom of Information Act/Privacy Act
Division of Management and Administrative Legal Services
200 Constitution Avenue, N.W., Suite N-2420
Washington, DC  20210
Phone:  (202) 693-5503 / Fax:  (202) 693-5538

July 26, 2019

To:     Victoria D. Baranetksy
        Center for Investigative Reporting
        1400 65th, Suite 200
        Emeryville, CA  94068


From:   Raymond E. Mitten Jr.
        Counsel for FOIA Appeals, Paperwork
          Reduction Act, Federal Records Act

Re:     Your Appeal to the Solicitor of Labor under the Freedom
          of Information Act and/or Privacy Act.

Date of your appeal:        June 19, 2019

Subject of your appeal:     Amazon Inspection No. 1292524.015

Appeal Reference No.:       190178

This is to acknowledge receipt of your letter appealing a denial of information by a Department
of Labor component agency.  Your appeal is being processed.

The law requires that appeals be sequenced for action on a first-in first-out basis, consistent with
the guidance provided by the courts.  *See Open America v. Watergate Special Prosecution
Force,* 547 F.2d 605 (D.C. Cir. 1976).  The number of appeals currently waiting for review is
substantial.  However, the Freedom of Information Act permits multitrack processing of
requests based on the amount of processing work or time, or both, involved. 5 U.S.C. §
552(a)(6)(D)(i).  Thus, we are authorized, to schedule for faster action those appeals which
require limited staff time -- i.e., those that involve limited scope or complexity.

Should you have any questions about the status of your appeal, have any additional information
which you believe should be brought to our attention, or wish to limit or withdraw your appeal,
please contact this office at the phone or address listed above.

To help us serve you, please direct your inquiries to Linda Robinson at the number noted above,
and refer to our appeal reference number when making your inquiry.  Thank you.

# Exhibit G



from The Center for Investigative Reporting

Occupational Safety & Health Administration
Attn: FOIA Coordinator
230 South Dearborn St, Rm. 3244
Chicago, IL 60604
Fax: (312) 353-7774

Dear FOIA Officer,

This is a request under the Freedom of Information Act for the following records:

* All 300A forms provided by Amazon as part of Inspections 1377288.015, 1371360.015, and 1367521.015

I am a representative of the news media as a reporter with Reveal from The Center for Investigative Reporting, a non-profit investigative journalism organization. This request is made as part of news gathering and not for a commercial use. I respectfully ask that you waive fees related to this request. Please notify me of any charges before fulfilling this request.

Please contact me with any questions at 510-809-2209 or wevans@revealnews.org

Thank you for your attention to this request.

Sincerely,

Will Evans
Reveal / The Center for Investigative Reporting
1400 65th, Suite 200
Emeryville, CA 94608
510-809-2209
wevans@revealnews.org

# Exhibit H

**U.S. Department of Labor**

Occupational Safety and Health Administration
Chicago Regional Office
John C. Kluczynski Federal Building
230 S Dearborn Street, Suite 3244
Chicago, Illinois 60604-1694



May 13, 2019

Will Evans
1400 65th, Suite 200
Emeryville, CA 94608

Re: FOIA Request #878010-300A Forms - Amazon

Dear Mr. Evans:

Your Freedom of Information Act request for records maintained by the United States
Department of Labor was received in the Chicago Regional Office of the Occupational Safety
and Health Administration on 5/13/2019.

Any records that may be in existence for the above named facility would be located at the
addresses listed below, and your request is being forwarded to those offices for action.

Larry Johnson, Area Director
Columbus Area Office
200 N. High St., Room 620
Columbus, Ohio 43215
614-469-5582

Howard Eberts, Area Director
Cleveland OSHA Area Office
6393 Oak Tree Blvd., Suite 203
Independence, Ohio 44131-6964
216-447-4194

Should you have any questions or concerns regarding your request, please contact the above
offices directly.

Sincerely,

Sonya M. Lawless
FOIA Coordinator
Region V

# Exhibit I

**U.S. Department of Labor**     Occupational Safety and Health Administration
6393 Oak Tree Blvd., Suite 203
Independence, Ohio  44131-6964
(216) 447-4194, Fax (216) 520-1624



May 22, 2019


Will Evans
1400 65th, Suite 200
Emeryville, CA  94608

Re: Freedom of Information Request – 2019016 SIMS: 878010

Dear Mr. Evans:

Thank you for your Freedom of Information Act request for records regarding AMAZON 1377288 &
1367521.  Your request has been processed and a release of information has been prepared.  You
will note some information has been removed from the documents. This is authorized under the rules
and regulations, including exemptions, contained in the Freedom of information Act. Exemptions for
the actual deleted sections are indicated on each page and for you convenience a general description
of the exemptions has been enclosed.

You have the right to appeal this denial response.  If you wish to appeal, you may do so through the
Solicitor of Labor under 29 CFR 70.22.  The appeal must be filed within 90 days from the date of this
letter.  The appeal must state, in writing, the grounds for the appeal, including any supporting
statement or arguments.  To facilitate processing, you may fax your appeal to (202) 693-5538.  The
appeal should include a copy of your initial request and a copy of this letter.  The appeal must be
addressed to:

Solicitor of Labor
U.S. Department of Labor, Rm N-2428
200 Constitution Ave., N.W.
Washington, D.C. 20210

If mailed, both the envelope and the letter of appeal should be clearly marked: FOIA APPEAL

Since the determination was made that the information provided was considered as primarily
benefiting the general public, no fees were assessed.

In additional to filing an Appeal, you may contact the Office of Government Information Services (OGIS) or the Department's FOI.A: Public Liaison, Thomas G. Hicks, Sr. at (202) 693-5427 or hicks.thomas@dol.gov for assistance in resolving disputes. The Office of Government Information Services (OGIS) offers mediation services to resolve disputes between FOIA requesters and Federal agencies **as a non-exclusive** alternative to litigation. Using OGIS services does not affect your right to pursue litigation. You may contact OGIS it any of the following ways to inquiry about their FOIA mediation services:

> Office of Government Information
> Services National Archives and Records
> Administration 8601 Adelphi Road-
> OGIS
> College Park, MD
> 20740-6001 Email:
> ogis@nara.gov
> Web: http s://ogis.archives.gov
> Telephone: (202) 741-5770
> Fax: (202) 741-5769
> Toll-free: 1-877-684-6448

It is also important to note that the services offered by OGIS, is not an alternative to filing an administrative FOIA appeal.

If you have any further questions regarding this request, feel free to contact our office at the phone number listed above.  Thank you for your interest in workplace safety and health.

Sincerely,

Howard B. Eberts
Area Director

## Explanation of Freedom of Information Act Exemptions

All federal agency records must be made available to the public under the Freedom of Information Act (FOIA), except for records that fall within the scope of one or more of the nine exemptions listed within the Act. These exemptions are defined as follows:

| | | |
|---|---|---|
| Exemption 1 | | Those documents properly classified as secret in the interest of national defense or foreign policy; |
| Exemption 2 | | Information related solely to internal personnel rules and practices; |
| Exemption 3 | | Documents that are specifically exempted by other statutes; |
| Exemption 4 | | Trade secret, privileged or confidential commercial or financial information obtained from a person; |
| Exemption 5 | | Inter-agency or intra-agency memorandum or letter; |
| Exemption 6 | | A personnel, medical, or similar file the release of which would constitute a clearly unwarranted invasion of personal privacy; |
| Exemption 7 | | Documents that have been compiled for law enforcement purposes, the release of which … |
| | a | could reasonably be expected to interfere with law enforcement proceedings, |
| | b | would deprive a person of a right to a fair trial or an impartial adjudication, |
| | c | could reasonably be expected to constitute an unwarranted invasion of personal privacy, |
| | d | could reasonably be expected to disclose the identity of a confidential source, |
| | e | would disclose techniques, procedures, or guidelines for investigations or prosecutions, or |
| | f | could reasonably be expected to endanger an individual's life or physical safety; |
| Exemption 8 | | Information contained in or related to examination, operating, or condition reports about financial institutions that the SEC regulates or supervises; |
| Exemption 9 | | And those documents containing exempt information about gas or oil wells. |

The "Justice Department Guide to the Freedom of Information Act" provides more detail on these exemptions as well as FOIA law enforcement record exclusions and certain procedures.

# Exhibit J

*OSHA's Form 300A*

# Summary of Work-Related Injuries and Illnesses

Year 2018

U.S Department of Labor
Occupational Safety and Health Administration



*OSHA's Form 300A*

Year 2019

## Summary of Work-Related Injuries and Illnesses

**U.S Department of Labor**
Occupational Safety and Health Administration

(b) (7)(D)



 Print OSHA's Form 300A ⬛ PDF

\* This report contains Open Lost Time or Job Restriction Case 🔁

# Exhibit K

Solicitor of Labor
U.S. Department of Labor
Room N-2428
200 Constitution Avenue, NW Room N2420
Washington, DC 20210
foiaappeal@dol.gov

June 19, 2019

VIA U.S. MAIL AND ELECTRONIC DELIVERY

**Re: Freedom of Information Act Appeal FOIA No. 878010**

To Whom It May Concern:

The Center for Investigative Reporting ("CIR") hereby writes to appeal on behalf of the requester, Mr. Will Evans, pursuant to the Freedom of Information Act, 5 U.S.C. § 552 from a partial denial sent by Occupational Safety and Health Administration ("OSHA") a division of the Department of Labor ("DOL") on May 22, 2019, involving disclosure of certain OSHA Forms 300A ("300A Forms").

## I.   Factual Background

As one of OSHA's primary purposes is to "require employers to record and report work-related fatalities, injuries, and illnesses," 29 C.F.R. § 1904, OSHA regulations require most companies to keep records of work-related fatalities, injuries, and illnesses. *Id.* One such record is the 300A Form, on which companies summarize such work-related fatalities, injuries, and illnesses on an annual basis. *Id.* Employers are required to ensure these reports are accessible. Each employer must post their 300A forms "in a conspicuous place or places where notices to employees are customarily posted" and ensure the 300A form is not covered by other material." *Id.* The 300A forms must be posted for at least three months, and disclosed to current and former employees upon request. *Id.*

Companies with 250 or more employees and certain organizations in high-risk industries with 20 or more employees were required to electronically submit information from their 2018 300A forms to OSHA by March 2, 2019. *See* 81 Fed. Reg. at 29625 (as amended by 82 Fed. Reg. 380, 381 (January 25, 2019), and further amended by OSHA's press release dated January 24, 2019[1]). The May 2016 Final Rule stated that OSHA will make "[a]ll collected data fields" from 300A forms available on the OSHA website in "a searchable online database." 81 Fed. Reg. at 29625.

---

[1] OSHA, *U.S. Department of Labor Issues Final Rule to Protect Privacy of Workers*, Jan. 24, 2019, https://www.osha.gov/news/newsreleases/trade/01242019 (last accessed June 14, 2019).

1

1400 65th, Suite 200 Emeryville, CA 94608 ▮▮▮▮▮▮▮
PHONE 510 809 3160 ▮▮▮▮▮▮▮     TWITTER @CIRonline
▮▮▮▮▮ WEB cironline.org

In addition to making 300A forms available to their employees, employers must provide copies to OSHA inspectors upon request. 29 C.F.R. § 1904. In 2018 and 2019, OSHA investigators inspected Amazon warehouses in Ohio at least three times in response to formal complaints.[2]

## II.   Procedural History

On May 13, 2019, Mr. Evans submitted a FOIA request to OSHA (hereinafter "the Request") seeking records pertaining to OSHA's 300A Forms. A true and correct copy of that letter is attached as Exhibit A. More specifically, Mr. Evans requested that OSHA provide, "All 300A forms provided by Amazon as part of Inspections 1377288.015, 1371360.015, and 1367521.015'" *Id.* On May 22, 2019, Mr. Evans received a letter partially denying his request (hereinafter "the Denial"). A true and correct copy of that letter is attached as Exhibit B. The Denial stated, "You will note some information has been removed from the documents." *Id.* It continued, "This is authorized under the rules and regulations, including exemptions, contained in [the FOIA statute]. Exemptions for the actual deleted sections are indicated on each page." *Id.* The relevant exemption for the purposes of this appeal is Exemption 7(D), which justifies withholding records "compiled for law enforcement purposes, the release of which . . . could reasonably be expected to disclose the identity of a confidential source." *Id.* Within the 12 pages of responsive documents, two 300A Forms were redacted in their entirety (except for the form title and template language) pursuant to Exemption 7(D). A true and correct copy of the released 300A Forms is attached as Exhibit C.[3]

---

[2] OSHA's inspection of Amazon's warehouse in Euclid, OH took place on Dec. 20, 2018 (Inspection 1367521.015, details of which are available at https://www.osha.gov/pls/imis/establishment.inspection_detail?id=1367521.015 (last accessed June 14, 2019)). OSHA's inspection of Amazon's warehouse in Obetz, OH took place on Jan. 15, 2019 (Inspection 1371360.015, details of which are available at https://www.osha.gov/pls/imis/establishment.inspection_detail?id=1371360.015 (last accessed June 14, 2019)). OSHA's inspection of Amazon's warehouse in North Randall, OH took place on Feb. 6, 2019 (Inspection 1377288.015, details of which are available at https://www.osha.gov/pls/imis/establishment.inspection_detail?id=1377288.015 (last accessed June 14, 2019)).

[3] Both 300A Forms at issue here were in a PDF file titled "Amazon Logistics #1377288 (300's)_Redacted FOIA 2019016.pdf." A second PDF file titled "Amazon Logistics Inc. 1367521 ((300)_Redacted FOIA 2019016.pdf" contained no 300A Forms. It is unclear whether the absence of 300A Forms in the second PDF file indicates that OSHA failed to conduct an adequate search for responsive records regarding Inspection 1367521, withheld 300A Forms pertaining to Inspection 1367521 entirely, or found no 300A Forms pertaining to Inspection 1367521. Similarly, OSHA's Denial describes the Request as "regarding AMAZON 1377288 & 1367521" and does not mention Inspection 1371360. It is thus unclear whether OSHA failed to conduct an adequate search for records regarding Inspection 1371360, withheld records

2

CIR now appeals the withholding of the 300A Forms. This appeal is timely according to 29 C.F.R. § 70.

## III.   Argument

The Freedom of Information Act seeks "to ensure an informed citizenry, vital to the functioning of a democratic society." *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978). To withhold records under any provision of Exemption 7, the government must show such records were "compiled for law enforcement purposes." 5 U.S.C. § 552(b)(7). Under Exemption 7(D), an agency may only withhold records or information if disclosure "could reasonably be expected to disclose the identity of a confidential source." 5 U.S.C. § 552(b)(7)(D). An agency must provide "[a]ny reasonably segregable portion of a record … after deletion of the portions which are exempt." 5 U.S.C. § 552(b). *See also* 29 C.F.R. § 70.3, "Presumption of Openness" (when DOL determines full disclosure of requested records is not possible, it "will consider whether partial disclosure is possible and will take reasonable steps to segregate and release nonexempt material").

OSHA cannot meet its burden to show that withheld information and documents are exempt under Exemption 7 or Exemption 7(D) because the records were not compiled for law enforcement purposes and their disclosure cannot reasonably be expected to disclose the identity of confidential sources. Further, OSHA improperly did not disclose reasonably segregable portions.

### A.   Exemption 7 is inapplicable because the 300A Forms were compiled for regulatory compliance, and not for law enforcement purposes.

Exemption 7 applies only to "records or information compiled for law enforcement purposes." 5 U.S.C. § 552(b)(7). The Supreme Court has explained that the "threshold requirement for qualifying under Exemption 7 turns on the purpose for which the document sought to be withheld was prepared." *FBI v. Abramson*, 456 U.S. 615, 624 (1982). "Exemption 7 cannot be used as 'pretext' to withhold documents related to 'generalized monitoring and information-gathering that are not related to the [agency's] law enforcement duties.'" *Am. Civil Liberties Union of N. Cal. v. Fed. Bureau of Investigation*, 881 F.3d 776, 779 (9th Cir. 2018) (quoting *Rosenfeld v. U.S. Dep't of Justice*, 57 F.3d 803, 808 (9th Cir. 1995)). The documents must have a "rational nexus to a law that the agency is authorized to enforce." *Id.* Courts will "scrutinize with some skepticism the particular purpose claimed" if the agency has a mixed law enforcement and administrative functions. *Tax Analysts v. IRS*, 294 F.3d 71, 77 (D.C. Cir. 2002).

---

pertaining to Inspection 1371360 entirely, or found no responsive records pertaining to Inspection 1371360.



1400 65th, Suite 200 Emeryville, CA 94608
PHONE 510 809 3160                          TWITTER @CIRonline
WEB cironline.org

### i.   OSHA has offered no evidence of a rational nexus between the 300A Forms and any law enforcement function.

The dispositive factor, then, is the purpose of the documents at the time they were compiled. This factor requires OSHA meet a high bar. The "mere possibility of a legal violation [is not] sufficient" to show a law enforcement purpose. *Bartko v. United States Dep't of Justice*, 898 F.3d 51, 64 (D.C. Cir. 2018) (ruling internal investigation records could not be withheld under law enforcement exemptions under rational nexus test). Indeed, even documents compiled by agencies with law enforcement functions do not qualify for Exemption 7 purposes if the documents were compiled outside the context of an investigation. *See Sladek v. Bensinger*, 605 F.2d 899, 903 (5th Cir. 1979) (holding Exemption 7 inapplicable to DEA manual that "was not compiled in the course of a specific investigation"); *Cox v. United States Dep't of Justice*, 576 F.2d 1302, 1310 (8th Cir. 1978) (same).

Here, there is no evidence of a rational nexus to show the 300A Forms were compiled for a law enforcement purpose. First, the forms were not compiled by OSHA investigators. The 300A Forms were prepared by Amazon itself as a matter of course under a regulatory requirement. 29 C.F.R. §1904. This standard OSHA requirement is unrelated to any OSHA investigation. The fact that the 300A Forms were subsequently provided to OSHA investigators during their inspections of the Amazon warehouses does not suffice as a link to OSHA's supposed law enforcement capacity. Moreover, the 300A Forms are disclosed to employees and former employees upon request, diminishing any law enforcement quality.

Rather, it appears OSHA has invoked Exemption 7 as a pretext to withhold the 300A Forms. OSHA itself has itself recognized that Exemption 7 and its subsidiary exemptions are inapplicable to 300A forms and related data. In ongoing litigation over its 300A database, OSHA pivoted from claiming the data was exempt under Exemption 7(E) to claiming it was subject to Exemption 4. *Public Citizen v. U.S. Dep't of Labor*, Civ. No. 18–cv–117 (D.D.C. filed Jan. 19, 2018).[4] Exemption 7 is just as inapplicable here to a request for a handful of 300A forms.

---

[4] *See* Def.'s Mem. Supp. Summ. J. 2 n.1, ECF No. 14-1 ("Although in DOL's FOIA response letters . . . DOL withheld the information under Exemption 7(E) of the FOIA, DOL later determined that the proper Exemption to apply is Exemption 4").

1400 65th, Suite 200 Emeryville, CA 94608
PHONE 510 809 3160                TWITTER @CIRonline
                WEB cironline.org

### ii. As a mixed-function agency, OSHA faces particularly high scrutiny for any withholding under Exemption 7.

Moreover, given OSHA's mixed law enforcement and administrative functions, courts are likely to scrutinize with some skepticism any claimed law enforcement exemption. Like the materials in *Sladek*, and *Cox*, which were deemed routine, administrative documents compiled by investigatory agencies, here courts are unlikely to find the 300A Forms were compiled for law enforcement purposes. Far from comprising investigatory materials, the 300A Forms simply fulfilled Amazon's regulatory obligation to create transparent and safe working environments for their employees.

### B. The 300A Forms cannot be withheld under Exemption 7(D) because no person qualifies as a "source" and the 300A Forms were not "confidential."

Exemption 7(D) protects against disclosure of identities of "confidential sources." But OSHA bears the burden of demonstrating that disclosing the 300A Forms reasonably risks unmasking confidential sources. Not all persons — not even all FBI informants — necessarily qualify as confidential sources for Exemption 7(D) purposes. *U.S. Dep't of Justice v. Landano*, 508 U.S. 165, 175 (1993). To qualify as a source, the government must show a given person "provided information under an express assurance of confidentiality or in circumstances from which an assurance could be reasonably inferred." *Landano*, 508 U.S. at 172 (quoting S. Rep. No. 93–1200, at 13). Although courts may find an implied assurance of confidentiality under *Landano*, this is true only under "narrowly defined circumstances." *Id.* at 181.

OSHA cannot point to any confidential source. As a preliminary matter, Amazon is obligated to prepare these forms on an annual basis, and each form must be certified by a company executive. 29 C.F.R. §1904. Thus, Amazon's identity (as the author of the 300A Forms) is already known. Furthermore, Amazon was under no guarantee, either implied or explicit, that information from the requested 300A Forms would ever be confidential. Quite the opposite, in fact: OSHA regulations require that Amazon post the 300A Forms "in a conspicuous place" for at least three months. *Id.* DOL even proposed it would publish online the contents of all 300A Forms submitted by Amazon and other companies. Not only did Amazon not behave as a confidential source, rather, it was told OSHA would soon open the contents of its 300A forms for public inspection.

OSHA's real life practices bolster this conclusion. In response to several state level public records requests filed by Mr. Evans, agenncies have released 300A forms prepared by Amazon with minimal redactions. *See Hopkins v. Dep't of the Navy*, No. CIV. A. 84-1868, 1985 WL 17673, at *3 (D.D.C. Feb. 5, 1985) ("[D]efendant's actions with regard to the information sought here reflect an inconsistent approach to the pursuit of those concerns which may not be used to justify nondisclosure under the FOIA").

5

Since Amazon is both the known author and received no guarantee from OSHA that the 300A Forms would remain confidential, OSHA cannot invoke Exemption 7(D) to withhold them.

## IV.     Conclusion

In conclusion, DOL should remand to OSHA with instruction to release all relevant information immediately. Should OSHA need clarification as to any aspect of the Request, it may reach me at vbaranetsky@revealnews.org or (510) 982-2890.

Sincerely,

Victoria D. Baranetsky
General Counsel
The Center for Investigative Reporting


cc: Will Evans

6

# Exhibit L

**U.S. Department of Labor**        Office of the Solicitor
Washington, D.C.  20210



Appeals Unit
Freedom of Information Act/Privacy Act
Division of Management and Administrative Legal Services
200 Constitution Avenue, N.W., Suite N-2420
Phone:  (202) 693-5503
Fax:  (202) 693-5538

July 30, 2019

To:    Victoria D. Baranetsky
       The Center for Investigative Reporting
       1400 65th, - Suite 200
       Emeryville, CA  94608

From:  Raymond E. Mitten Jr.
       Counsel for FOIA Appeals

Re:    Your Appeal to the Solicitor of Labor under the Freedom
       of Information Act and/or Privacy Act.

Date of your appeal:        6/19/19

Subject of your appeal.     AMAZON 1377288 & 1367521.

Appeal Reference No.:       190176

This is to acknowledge receipt of your letter appealing a denial of information by a Department of Labor component agency.  Your appeal is being processed.

The law requires that appeals be sequenced for action on a first-in first-out basis, consistent with the guidance provided by the courts.  *See Open America v. Watergate Special Prosecution Force*, 547 F.2d 605 (D.C. Cir. 1976).  The number of appeals currently waiting for review is substantial.  However, the Freedom of Information Act permits multitrack processing of requests based on the amount of processing work or time, or both, involved. 5 U.S.C. § 552(a)(6)(D)(i). Thus, we are authorized, to schedule for faster action those appeals which require limited staff time – i.e., those that involve limited scope or complexity.

Should you have any questions about the status of your appeal, have any additional information which you believe should be brought to our attention, or wish to limit or withdraw your appeal, please contact this office at the phone or address listed above.

To help us serve you, please direct your inquiries to Linda Robinson at the number noted above, and refer to our appeal reference number when making your inquiry.  Thank you.

# Exhibit M



from The Center for Investigative Reporting

Occupational Safety & Health Administration
Attn: FOIA Coordinator
230 South Dearborn St, Rm. 3244
Chicago, IL 60604
FAX (312) 353-7774

Dear FOIA Officer,

This is a request under the Freedom of Information Act for the following records:

* All 300A forms provided by Amazon as part of these Illinois OSHA inspections:

   1371705.015
   1344215.015
   1343890.015
   1327615.015
   1301593.015

I am a representative of the news media as a reporter with Reveal from The Center for Investigative Reporting, a non-profit investigative journalism organization. This request is made as part of news gathering and not for a commercial use. I respectfully ask that you waive fees related to this request. Please notify me of any charges before fulfilling this request.

Please contact me with any questions at 510-809-2209 or wevans@revealnews.org

Thank you for your attention to this request.

Sincerely,

Will Evans
Reveal / The Center for Investigative Reporting
1400 65th, Suite 200
Emeryville, CA 94608
510-809-2209
wevans@revealnews.org

1400 65th, Suite 200  Emeryville, CA 94608
PHONE 510 809 3160                    TWITTER @reveal
                    WEB revealnews.org



Shawn Musgrave <smusgrave@revealnews.org>

---

## Fwd: Fax Message Transmission Result to +1 (312) 3537774 - Sent
1 message

---

**Will Evans** <wevans@revealnews.org>                                    Tue, Jul 30, 2019 at 12:10 AM
To: Shawn Musgrave <smusgrave@revealnews.org>

---------- Forwarded message ---------
From: **RingCentral** <service@ringcentral.com>
Date: Wed, May 15, 2019 at 4:20 PM
Subject: Fax Message Transmission Result to +1 (312) 3537774 - Sent
To: Maria Feldman <wevans@cironline.org>, Maria Feldman <techadmin@cironline.org>

### Fax Transmission Results

Here are the results of the 2-page fax you sent from your phone number **(510) 849-6141**:

| Name | Phone Number | Date and Time | Result |
|------|--------------|---------------|--------|
|  | +1 (312) 3537774 | Wednesday, May 15, 2019 at 04:20 PM | Sent |

*Your fax(es) included the following file(s), which were rendered into fax format for transmission:*

| File Name | Result |
|-----------|--------|
| OSHA Illinois Amazon FOIA.docx | Success |

--
Will Evans
reporter
o: 510-809-2209



from The Center for Investigative Reporting

www.revealnews.org

# Exhibit N

**U.S. Department of Labor**       Occupational Safety and Health Administration
Chicago Regional Office
John C. Kluczynski Federal Building
230 S Dearborn Street, Suite 3244
Chicago, Illinois 60604-1694



May 13, 2019

Will Evans
1400 65th, Suite 200
Emeryville, CA 94608

Re: FOIA Request #878011-300A Forms - Amazon

Dear Mr. Evans:

Your Freedom of Information Act request for records maintained by the United States
Department of Labor was received in the Chicago Regional Office of the Occupational Safety
and Health Administration on 5/13/2019.

Any records that may be in existence for the above named facility would be located at the
addresses listed below, and your request is being forwarded to those offices for action.

Kathy Webb, Area Director                Jacob Scott, Area Director
Chicago South Area Office                Naperville Area Office
8505 W. 183rd St., Suite C               1771 W. Diehl Rd., Suite #210
Tinley Park, IL 60487                    Naperville, IL 60563
708-342-2840                             708-342-2840

Angie Loftus, Area Director
Chicago North Area Office
701 Lee St., Suite 950
Des Plaines, IL 60016
847-803-4800

Should you have any questions or concerns regarding your request, please contact the above
offices directly.

Sincerely,

Sonya M. Lawless
FOIA Coordinator
Region V

# Exhibit O

**U.S. Department of Labor**       Occupational Safety and Health Administration
Chicago South Area Office
8505 W 183rd St. Suite C
Tinley Park, IL 60487
(708) 342-2840, Fax (708) 444-0042
http://www.osha.gov



June 5, 2019


Mr. Will Evans
Reveal/ Then Center for Investigative Reporting
1400 65th Suite 200
Emeryville, CA 94608

RE:    Freedom of Information Act Request (FOIA) – Log #878011
       Amazon 300 Logs #1343890

Dear Mr. Evans:

This is in response to your FOIA request in which you request seeking inspection documents
from the above-referenced file. Your request has been reviewed and a release of information is
provided. You will note that some information has been removed. This is authorized under the
rules and regulations, including exemptions, contained in the Freedom of Information Act.
Exemptions for the actual deleted sections are indicated on each page, and for your
convenience a general description of the exemptions is also enclosed.

You have the right to appeal this decision with the Solicitor of Labor within 90 days from
the date of this letter. The appeal must state, in writing, the grounds for the appeal,
including any supporting statements or arguments and should include a copy of your
initial request and a copy of this letter. Appeals are mailed to: Solicitor of Labor, U.S.
Department of Labor, Room N-2420, 200 Constitution Avenue, N.W., Washington, D.C.
20210. Alternatively, you may email your appeal to foiaappeal@dol.gov, or fax your
appeal to (202) 693-5538. The envelope, cover email, or fax cover sheet *and* the letter
indicating the grounds for appeal, should be clearly marked: **"Freedom of Information
Act Appeal."**

The cost of providing these records, in line with the regulations published under 29 CFR 70.40,
is as follows:

| | |
|---|---|
| Administrative Search and Review Time ($20.00/hr) | $   0.00 |
| Professional Review Time ($40.00/hr x 1) | $  40.00 |
| Professional Search Time ($40.00/hr x  ) | $   0.00 |
| Copying Fee (12 pages @ $0.15/pg) | $   1.80 |
| Computer Time | $   0.00 |
| Authentication Fee | $   0.00 |
| Computer Disks (CDs) | $   0.00 |
| Photos ( color pages @ .50¢ each) | $   0.00 |
| Transportation Cost | $   0.00 |
| Videotape(s) | $   0.00 |
| Mailing Charges (in excess of $1.00) | $   5.35 |
| Total Charges Listed Above | $  47.15 |
| Total Amount Waived | $   0.00 |
| ***Total Amount Due Upon Receipt*** | ***$  47.15*** |

Please remit your payment in the amount of $47.15 by check or money order payable to the U.S. Department of Labor–OSHA, *referencing FOIA Log #878011.* Checks are converted into electronic fund transfers (EFT). By sending a check, you authorize this Agency to copy and use your checking account information to process an electronic fund transfer for the amount indicated on the check. Please note that EFTs usually occur within 24 hours after receipt.

In addition to filing an Appeal, you may contact the Office of Government Information Services (OGIS) or the Department's FOIA Public Liaison, Thomas G. Hicks, Sr. at (202) 693-5427 or hicks.thomas@dol.gov for assistance in resolving disputes. The Office of Government Information Services (OGIS) offers mediation services to resolve disputes between FOIA requesters and Federal agencies **as a non-exclusive** alternative to litigation. Using OGIS services does not affect your right to pursue litigation. You may contact OGIS in any of the following ways to inquire about their FOIA mediation services:

> Office of Government Information Services
> National Archives and Records Administration
> 8601 Adelphi Road – OGIS
> College Park, MD 20740-6001
> Email: **ogis@nara.gov**
> Web: **https://ogis.archives.gov**
> Telephone: (202) 741-5770
> Fax: (202) 741-5769
> Toll-free: 1-877-684-6448

It is also important to note that the services offered by OGIS, are not an alternative to filing an administrative FOIA appeal.

Sincerely,

Kathy Webb
Area Director

Enclosure



## OSHA

Committed to Worker Safety
40 Years and Counting

**EXEMPTIONS**

**FREEDOM OF INFORMATION ACT**

**5 U.S.C. SECTION 552**

| | |
|---|---|
| **Exemption 2** | Documents related solely to the internal personnel rules and practices of an agency. |
| **Exemption 4** | Trade secrets and commercial or financial information obtained from a privileged and confidential source. |
| **Exemption 5** | Interagency or intraagency memoranda or letters that would not be available by law to a party other than an agency in litigation with the agency. |
| **Exemption 6** | Personnel, medical, and similar files, of which the disclosure of would constitute a clearly unwarranted invasion of personal privacy. |
| **Exemption 7(A)** | Could reasonably be expected to interfere with enforcement proceedings. |
| **Exemption 7(B)** | Would deprive a person of a right to a fair trial or an impartial adjudication. |
| **Exemption 7(C)** | Could reasonably constitute an unwarranted invasion of personal privacy. |
| **Exemption 7(D)** | Could reasonably be expected to disclose the identity of a confidential source, including a State, local, or foreign agency or authority, or any private institution that furnished information on a confidential basis. |
| **Exemption 7(F)** | Could reasonably be expected to endanger the life or physical safety of any individual. |

**ATTACHMENT 2**

**LISTING OF EXEMPTIONS**

# Amazon 300 Logs #1343890 FOIA #878011

1. Amazon 300 Logs for #1327615 there's no 300
2. Amazon 300 Logs for #1371705 there's no 300

# Exhibit P

OSHA's Form 300A

# Summary of Work-Related Injuries and Illnesses

Year 2017
U.S. Department of Labor
Occupational Safety and Health Administration

All establishments covered by Part 1904 must complete this Summary page, even if no work-related injuries or illnesses occurred during the year. Remember to review the Log to verify that the entries are complete and accurate before completing this summary.

Using the Log, count the individual entries you made for each category. Then write the totals below, making sure you've added the entries from every page of the Log. If you had no cases, write "0."

Employees, former employees, and their representatives have the right to review the OSHA Form 300 in its entirety. They also have limited access to the OSHA Form 301 or its equivalent. See 29 CFR Part 1904.35, in OSHA's recordkeeping rule, for further details on the access provisions for these forms.

## Number of Cases

| | | | |
|---|---|---|---|
| Total number of deaths | Total number of cases with days away from work | Total number of cases with job transfer or restriction | Total number of other recordable cases |
| (G) | (H) | (I) | (J) |

## Number of Days

| | |
|---|---|
| Total number of days away from work | Total number of days of job transfer or restriction |
| (K) | (L) |

## Injury and Illness Types

Total number of...

(M)
(1) Injuries
(2) Skin disorders
(3) Respiratory condition

(4) Poisonings
(5) Hearing Loss
(6) All other illnesses

### Establishment information

Your establishment name _____
Street _____ City _____
State __MD/VA?__ ZIP __49496__

Industry description (e.g. Manufacture of motor truck trailers)

Standard Industrial Classification (SIC), if known (e.g. SIC 3715)

OR

North American Industrial Classification (NAICS), if known (e.g. 336212)
__33611C__

### Employment information

Annual average number of employees _____
Total hours worked by all employees last year _____

### Sign here

Knowingly falsifying this document may result in a fine.

I certify that I have examined this document and that to the best of my knowledge the entries are true, accurate, and complete.

Jeff Messenger - AGM.
Company executive   Title

Messenger - AGM.
_____   Title

702-685-3061
Phone   1/29/18
Date   1/29/18

Post this summary page from February 1 to April 30 of the year following the year covered by the form.

Public reporting burden for this collection of information is estimated to average 50 minutes per response, including time to review the instructions, search and gather the data needed, and complete and review the collection of information. Persons are not required to respond to the collection of information unless it displays a currently valid OMB control number. If you have any comments about these estimates or any other aspects of this data collection, contact: US Department of Labor, OSHA Office of Statistics, Room N-3644, 200 Constitution Avenue, NW, Washington, DC 20210. Do not send the completed forms to this office.

CONFIDENTIAL



OSHA's Form 300
## Log of Work-Related Injuries and Illnesses

Attention: This form contains information relating to employee health and must be used in a manner that protects the confidentiality of employees to the extent possible while the information is being used for occupational safety and health purposes.

Year 2018

U.S. Department of Labor
Occupational Safety and Health Administration

You must record information about every work-related death and about every work-related injury or illness that involves loss of consciousness, restricted work activity or job transfer, Days Away From Work, or medical treatment beyond first aid. You must also record significant work-related injuries and illnesses that are diagnosed by a physician or licensed health care professional. You must also record work-related injuries and illnesses that meet any of the specific recording criteria listed in 29 CFR Part 1904.8 through 1904.12. Feel free to use two lines for a single case if you need to. You must complete an Injury and Illness Incident Report (OSHA Form 301) or equivalent form for each injury or illness recorded on this form. If you're not sure whether a case is recordable, call your local OSHA office for help.

Establishment name  MDW7
Company Name  Amazon.com.dedc LLC
City  Monee  State  Illinois

click here to edit site details.

(b) (7)(C), (b) (4)

(b) (4)

Incidents & Measurements

(b) (7)(C), (b) (4)

(b) (4)

**(b) (7)(C), (b) (4)**

**(b) (4)**

**(b) (7)(C), (b) (4)**

**(b) (4)**

Incidents & Measurements

(b) (7)(C), (b) (4)

(b) (4)

Incidents & Measurements



(b) (7)(C), (b) (4)

(b) (4)

(b) (4)

Page totals ▶

Show/Hide Employee Names   Print OSHA's Form 300   PDF

* Open Lost Time or Job Restriction Case  (?)

Click Here to view OSHA's Form 300A

⊟ OSHA's Form 300 Log Filter Options



| | | |
|---|---|---|
| Business OSHA Log | ☐ Download Business-wide PDF | GO |
| Organization OSHA Log | **Limit Sub-Org to:** All | GO |
| Site OSHA Log | **Limit SubSite to:** All     **Limit Dept to:** | GO |
| Custom OSHA Log | **Limit to Custom Group:** NA - Antea Project | GO |
| Quarter Log | **Limit to Quarter:** All | GO |

☐ Check box to show records for U.S. sites only.   *(does not apply to custom groups)*   Sort By: Case Date



CONFIDENTIAL

Incidents & Measurements

Page 1 of 5

*OSHA's Form 300*

# Log of Work-Related Injuries and Illnesses

Attention: This form contains information relating to employee health and must be used in a manner that protects the confidentiality of employees to the extent possible while the information is being used for occupational safety and health purposes.

Year 2017

U.S. Department of Labor

Occupational Safety and Health Administration

You must record information about every work-related death and about every work-related injury or illness that involves loss of consciousness, restricted work activity or job transfer, Days Away From Work, or medical treatment beyond first aid. You must also record significant work-related injuries and illnesses that are diagnosed by a physician or licensed health care professional. You must also record work-related injuries and illnesses that meet any of the specific recording criteria listed in 29 CFR Part 1904.8 through 1904.12. Feel free to use two lines for a single case if you need to. You must complete an Injury and Illness Incident Report (OSHA Form 301) or equivalent form for each injury or illness recorded on this form. If you're not sure whether a case is recordable, call your local OSHA office for help.

Establishment name __MDW7__

Company Name __Amazon.com.dedc LLC__

City __Monee__ State __Illinois__

click here to edit site details.

**Identify the person**

**Describe the case**

**Classify the case**

| (A) Case no. | (B) Employee's Name | (C) Job title (e.g., Welder) | (D) Date of injury or onset of illness | (E) Where the event occurred (e.g., Loading dock north end) | (F) Describe injury or illness, parts of body affected, and object/substance that directly injured or made person ill (e.g., Second degree burns on right forearm from acetylene torch) | Death (G) | Days away from work (H) | Remained at work — Job transfer or restriction (I) | Remained at work — Other record-able cases (J) | Away from work (K) | On job transfer or restriction (L) | (M)(1) Injury | (M)(2) Skin Disorder | (M)(3) Respiratory Condition | (M)(4) Poisoning | (M)(5) Hearing Loss | (M)(6) All other Illnesses |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| (b) (7)(C), (b) (4) | | | | | | ☐ | ☑ | ☐ | ☐ | (b) (4) | | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ |
| | | | | | | ☐ | ☑ | ☐ | ☐ | | | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ |
| | | | | | | ☐ | ☑ | ☐ | ☐ | | | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ |
| | | | | | | ☐ | ☐ | ☐ | ☑ | | | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ |
| | | | | | | ☐ | ☐ | ☐ | ☑ | | | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ |
| | | | | | | ☐ | ☐ | ☑ | ☐ | | | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ |
| | | | | | | ☐ | ☐ | ☑ | ☐ | | | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ |
| | | | | | | ☐ | ☑ | ☐ | ☐ | | | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ |
| | | | | | | ☐ | ☑ | ☐ | ☐ | | | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ |
| | | | | | | ☐ | ☐ | ☐ | ☑ | | | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ |

Incidents & Measurements

(b) (7)(C), (b) (4)

(b) (4)

(b) (4)

(b) (7)(C), (b) (4)

(b) (4)

Incidents & Measurements

Page 4 of 5



Incidents & Measurements                                                                 Page 5 of 5



Click Here to view OSHA's Form 300A

### ⊟ OSHA's Form 300 Log Filter Options

| Business OSHA Log | ☐ Download Business-wide PDF | | GO |
| Organization OSHA Log | **Limit Sub-Org to:** All | | GO |
| Site OSHA Log | **Limit SubSite to:** All | **Limit Dept to:** | GO |
| Custom OSHA Log | **Limit to Custom Groups:** NA - Antea Project | | GO |
| Quarter Log | **Limit to Quarters:** All | | GO |

☐ Check box to show records for U.S. sites only.   *(does not apply to custom groups)*   Sort By: Case Date

# Exhibit Q

Solicitor of Labor
U.S. Department of Labor
Room N-2420
200 Constitution Avenue, NW
Washington, DC 20210
foiaappeal@dol.gov

August 8, 2019

VIA U.S. MAIL AND ELECTRONIC DELIVERY

**Re: Freedom of Information Act Appeal FOIA No. 878011**

To Whom It May Concern:

The Center for Investigative Reporting ("CIR") hereby writes to appeal on behalf of the requester, Mr. Will Evans, pursuant to the Freedom of Information Act, 5 U.S.C. § 552, from a partial denial sent by Occupational Safety and Health Administration ("OSHA"), a division of the Department of Labor ("DOL"), on June 5, 2019, involving disclosure of certain OSHA Forms 300A ("300A Forms").

**I.      Factual Background**

As one of OSHA's primary purposes is to "require employers to record and report work-related fatalities, injuries, and illnesses," OSHA regulations require most companies to keep records of work-related fatalities, injuries, and illnesses. 29 C.F.R. § 1904. One such required record is the 300A Form, on which companies summarize work-related fatalities, injuries, and illnesses on an annual basis. *Id.* Employers must ensure these reports are easily accessible by posting 300A Forms "in a conspicuous place or places where notices to employees are customarily posted" and ensuring 300A Form are not covered by other material. *Id.* The 300A Forms must be posted for at least three months and disclosed to current and former employees upon request. *Id.*

Companies with 250 or more employees were required to electronically submit information from their 2018 300A forms to OSHA by March 2, 2019. *See* 81 Fed. Reg. 29624, 29625 (May 12, 2016) (as amended by 82 Fed. Reg. 380, 381 (January 25, 2019), and further amended by OSHA's press release dated January 24, 2019[1]). The May 2016 Final Rule stated that OSHA will make "[a]ll collected data fields" from 300A Forms available on the OSHA website in "a searchable online database." 81 Fed. Reg. at 29625.

---

[1] OSHA, *U.S. Department of Labor Issues Final Rule to Protect Privacy of Workers*, Jan. 24, 2019, https://www.osha.gov/news/newsreleases/trade/01242019 (last accessed June 14, 2019).

1400 65th, Suite 200 Emeryville, CA 94608
PHONE 510 809 3160                    TWITTER @CIRonline
                    WEB cironline.org

In addition to making 300A Forms available to the government and to their employees, employers must also provide copies to OSHA inspectors upon request. 29 C.F.R. § 1904. In 2018 and 2019, OSHA investigators inspected Amazon warehouses in Illinois at least five times in response to formal complaints.[2]

OSHA regulations also require employers to keep a separate, more detailed log of each work-related injury or illness. *Id.* This is called the OSHA 300 Log ("300 Log"). *Id.* For each injury or illness at a given worksite, employers must record the following information on the 300 Log: the employee's name and job title, date or injury or onset of illness, location where the event occurred, a short narrative description of the injury or illness, and the result of the injury or illness (e.g., whether the employee died, had to take time away from work, was transferred, etc.).[3] As with the 300A Form, employers must provide current and formers employees (or their designees) a copy of the 300 Log upon request. 29 C.F.R. § 1904.35.

## II.    Procedural History

On May 15, 2019, Mr. Evans submitted a FOIA request to OSHA (hereinafter "the Request") seeking records pertaining to certain OSHA 300A Forms. A true and correct copy of that letter is attached as Exhibit A. More specifically, Mr. Evans requested that OSHA provide: "All 300A forms provided by Amazon as part of these Illinois OSHA inspections: 1371705.015, 1344215.015, 1343890.015, 1327615.015, 1301593.015." *Id.* Mr. Evans clearly indicated he was a representative of the news media and that the request was made as part of newsgathering and not for commercial use. *Id.*

---

[2] OSHA's inspection of Amazon's warehouse in Crest Hill, IL, took place on Jan. 16, 2019 (Inspection 1371705.015, details of which are available at https://www.osha.gov/pls/imis/establishment.inspection_detail?id=1371705.015 (last accessed July 29, 2019)). OSHA's inspection of Amazon's warehouse in Lisle, IL, took place on Sept. 6, 2018 (Inspection 1344215.015, details of which are available at https://www.osha.gov/pls/imis/establishment.inspection_detail?id=1344215.015 (last accessed July 29, 2019)). OSHA's inspection of Amazon's warehouse in Monee, IL, took place on Sept. 4, 2018 (Inspection 1343890.015, details of which are available at https://www.osha.gov/pls/imis/establishment.inspection_detail?id=1343890.015 (last accessed July 29, 2019)). OSHA's inspection of Amazon's warehouse in Monee, IL, took place on July 5, 2018 (Inspection 1327615.015, details of which are available at https://www.osha.gov/pls/imis/establishment.inspection_detail?id=1327615.015 (last accessed July 29, 2019)). OSHA's inspection of Amazon's warehouse in Waukegan, IL, took place on March 14, 2018 (Inspection 1301593.015, details of which are available at https://www.osha.gov/pls/imis/establishment.inspection_detail?id=1301593.015 (last accessed July 29, 2019)).

[3] Blank copies of the 300 Log are available on OSHA's website. OSHA, *Injury & Illness Recordkeeping Forms*, https://www.osha.gov/recordkeeping/RKforms.html (last accessed July 23, 2019).

2

Mr. Evans also requested a fee waiver and that OSHA notify him of charges before fulfilling the request. *Id.* OSHA sent a letter acknowledging the Request and assigning it number 878011. A true and correct copy of that letter is attached as Exhibit B. This letter described the Request as seeking "300A Forms - Amazon." *See* Exhibit B.

On June 5, 2019, Mr. Evans received a letter partially denying his request (hereinafter "the Denial") from the OSHA office in Tinley Park, IL. A true and correct copy of that letter is attached as Exhibit C. The Denial characterized Mr. Evans's request as concerning "Amazon 300 Logs" (which does not correspond to the documents Mr. Evans requested, i.e., 300A Forms). *Id.* The Denial stated, "You will note some information has been removed." *Id.* It continued, "This is authorized under the rules and regulations, including exemptions, contained in [the FOIA statute]. Exemptions for the actual deleted sections are indicated on each page." *Id.* The relevant exemption for this appeal is Exemption 4, which exempts from disclosure "trade secrets and commercial or financial information obtained from a person and privileged or confidential." 5 U.S.C. § 552(b)(4). An attachment to the Denial explained Exemption 4 somewhat differently, indicating it applied to: "Trade secrets and commercial or financial information obtained from a privileged and confidential source." *See* Exhibit C.

OSHA enclosed 13 pages of responsive documents,[4] of which only 1 page was a 300A Form. True and correct copies of all responsive documents are attached as Exhibit D. The remaining 12 pages consisted of 300 Logs for Amazon's warehouse in Monee, IL, for 2017 (5 pages) and 2018 (7 pages). *Id.* All information on the 300A Form is redacted under Exemption 4 except for template language and basic information about the warehouse. *Id.*

The Denial also indicated Mr. Evans was required to pay fees, but it did not address Mr. Evans's status as a member of the news media or his request for a fee waiver. *Id.* The Denial indicated the total fees were $47.15, the majority of which was for professional review time. *Id.*

CIR now appeals the withholding of the 300A Form as well as fees imposed for this request. This appeal is timely according to 29 C.F.R. § 70.

---

[4] Another attachment to the Denial indicated the provided records concerned "Amazon 300 Logs #1343890," presumably corresponding to OSHA Inspection 1343890.015, per Mr. Evans' request. The same attachment seems to indicate no responsive records were available concerning Inspection 1327615.015 and Inspection 1371705.015. But OSHA's response does not indicate whether any search was conducted for 300A Forms relevant to Inspection 1344215.015 and Inspection 1301593.01.

1400 65th, Suite 200 Emeryville, CA 94608 ▓▓▓▓▓▓
PHONE 510 809 3160 ▓▓▓▓▓▓▓▓▓ TWITTER @CIRonline
▓▓▓▓▓▓ WEB cironline.org ▓▓▓▓▓

### III.   Argument

#### A.  OSHA cannot withhold 300A Forms under Exemption 4.

The Freedom of Information Act seeks "to ensure an informed citizenry, vital to the functioning of a democratic society." *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978). FOIA Exemption 4 permits an agency to withhold "trade secrets" as well as "commercial or financial information." 5 U.S.C. § 552(b)(4). Like other FOIA exemptions, Exemption 4 must be "narrowly construed," *Milner v. Dep't of Navy*, 562 U.S. 562, 565 (2011), and the government bears the burden of establishing that this exemption applies. *Favish v. Office of Indep. Counsel*, 217 F.3d 1168, 1172 (9th Cir. 2000). An agency must provide records unless disclosure is prohibited by law or the agency "reasonably foresees that disclosure would harm an interest protected by an exemption." 5 U.S.C. § 552(a)(8).

OSHA cannot meet its burden to show that the withheld information is exempt under Exemption 4 because 300A Forms do not contain trade secrets, do not contain commercial or financial information, and are not privileged or confidential. Further, disclosing 300A Forms would not harm any interest protected by Exemption 4.

#### 1.   300A Forms do not contain trade secrets.

Under Exemption 4, the government can only withhold records as "trade secret" if it shows the material is (1) "a secret"; (2) is "a commercially valuable plan, formula, process, or device that is used for the making, preparing, compounding, or processing of trade commodities"; and, (3) "can be said to be the end product of either innovation or substantial effort." *Pub. Citizen Health Research Grp. v. Food & Drug Admin.*, 704 F.2d 1280, 1288 (D.C. Cir. 1983).[5] There must be "a direct relationship between the information at issue and the productive process." *Id.* "[C]ollateral matters of business confidentiality" do not qualify as trade secrets under Exemption 4. *Id.* at 1287. *See also United Techs. Corp. v. U.S. Dep't of Def.*, 601 F.3d 557, 563 n.9 (D.C. Cir. 2010) (adopting the *Pub. Citizen Health Research Grp.* definition of trade secrets); *Citizens Comm'n on Human Rights v. Food & Drug Admin., Eli Lilly & Co.*, No. 92CV5313, 1993 WL 1610471, at *7 (C.D. Cal. May 10, 1993), *aff'd in part, remanded on other*

---

[5] Department of Labor FOIA regulations do not define "trade secret" for the purpose of Exemption 4. *See* 29 C.F.R. § 70. But other federal agencies have adopted the *Pub. Citizen Health Research Grp.* definition verbatim in their FOIA regulations. *See, e.g.*, 20 C.F.R. § 402.90 (Social Security Administration); 21 C.F.R. § 20.61 (Food and Drug Administration); 11 C.F.R. § 9405.5 (Election Assistance Commission); 49 C.F.R. § 512.3 (National Highway Traffic Safety Administration); 22 C.F.R. § 503.8 (Broadcasting Board of Governors). *See also Heeney v. Food & Drug Admin.*, No. CV 97-5461 MMM CTX, 1999 WL 35186489, at *7 (C.D. Cal. Mar. 16, 1999) (applying the *Pub. Citizen Health Research Grp.* definition as enacted in the FDA FOIA regulation).

4

*grounds sub nom.*, *Citizens Comm'n on Human Rights v. Food & Drug Admin.*, 45 F.3d 1325 (9th Cir. 1995) (same).

300A Forms do not meet any of the factors to qualify as a "trade secret". First, the contents of 300A Forms are not secret. A document that must be posted in a "conspicuous place" for at least three months, 29 C.F.R. § 1904.32, simply cannot be considered secret. Nor can a document that must be tendered upon request to current and former employees (or their designees). 29 C.F.R. § 1904.35. For Amazon, hundreds of thousands of warehouse employees can review 300A Forms whenever they choose, and exponentially more former employees and designees can as well. *See* Amazon, *Amazon's fulfillment network*, Working at Amazon (blog), undated ("In North America, we have more than 75 fulfillment centers and more than 125,000 full-time Amazon employees."). More than 2,000 full-time employees reportedly work at Amazon's warehouse in Monee, IL, the worksite covered by the 300A Form requested here. *See* Lauren Zumbach, *At Amazon's Monee warehouse, robot co-workers are the new normal*, Chicago Tribune, March 29, 2018, https://www.chicagotribune.com/business/ct-biz-amazon-robotics-monee-warehouse-jobs-20180329-story.html.

Second, the statistics employers record on 300A Forms — i.e., information about work-related deaths, injuries, and illnesses — are not a "plan, formula, process, or device." *Pub. Citizen Health Research Grp.*, 704 F.2d at 1288. It would indeed be bizarre to consider this information "used for the making, preparing, compounding, or processing of trade commodities." In contrast to blueprints or business plans that can be trade secret because those records *directly* go to the creation of a trade commodity, *Pub. Citizen Health Research Grp.*, 704 F.2d at 1288 (requiring a "direct relationship" to the productive process), 300A forms do not contribute to the making of a product. Summary data about work-related deaths, injuries, and illnesses provide virtually no information about the production processes occurring at a given work site. Rather, the statistics on 300A Forms reflect "collateral matters" that are wholly removed from productive processes with regard to the definition of trade secrets. *Id.*

Third, compiling the 300A Form does not require "innovation or substantial effort." *Id.* Completing the 300A Form requires no innovation — rather, employers complete the pre-formatted worksheet by following OSHA's simple instructions. *See* 29 C.F.R. § 1904.32. OSHA estimates the 300A Form takes just 58 minutes to complete each year, including the time needed to read the instructions. *See* OSHA, *OSHA's Form 300A* ("Public reporting burden for this collection of information is estimated to average 58 minutes per response"). A pre-formatted, routine calculation of data that requires less than an hour from start to finish does not involve substantial effort or innovation.

OSHA thus cannot invoke the trade secrets prong of Exemption 4 to withhold 300A Forms.

1400 65th, Suite 200 Emeryville, CA 94608 ▮▮▮▮
PHONE 510 809 3160 ▮▮▮▮  TWITTER @CIRonline
▮▮▮▮ WEB cironline.org ▮▮▮

**2. 300A Forms cannot be withheld as confidential, commercial or financial information.**

To withhold information as "commercial or financial information," OSHA must demonstrate that the records withheld are: (1) in fact commercial or financial, (2) obtained from a person, and (3) privileged or confidential. *Watkins v. U.S. Bureau of Customs & Border Prot.*, 643 F.3d 1189, 1194 (9th Cir. 2011) (citation omitted). All three requirements must be met for the exemption to apply. *Pac. Architects & Engineers Inc. v. U.S. Dep't of State*, 906 F.2d 1345, 1347 (9th Cir. 1990) ("These three requirements are conjunctive.") If the withheld records fail *any* of these threshold requirements, they are not exempt from disclosure under Exemption 4. While CIR concedes that 300A Forms are obtained from a person, the government cannot satisfy the first or third requirement.

**a. 300A Forms do not contain commercial or financial information.**

Under FOIA Exemption 4 First, the 300A Forms do not contain commercial or financial information. "The terms 'commercial or financial' are given their ordinary meanings." *Watkins*, 643 F.3d at 1194 (citing *Pub. Citizen Health Research Grp.*, 704 F.2d at 1290). Information is commercial "if it relates to commerce, trade, or profit." *McClellan Ecological Seepage Situation v. Carlucci*, 835 F.2d 1282, 1285 (9th Cir. 1987). Information is commercial under Exemption 4 if, "in and of itself, it serves a commercial function or is of a commercial nature." *Nat'l Ass'n of Home Builders v. Norton*, 309 F.3d 26, 38 (D.C. Cir. 2002) (quotation marks and citation omitted). Information is financial, in the ordinary meaning, if it relates to finance, i.e., "money or other liquid resources of a government, business, group, or individual." Merriam Webster Online, "Finance," https://www.merriam-webster.com/dictionary/finance (accessed Aug. 9, 2019).

300A Forms do not qualify as "commercial or financial" because they have nothing to do with commerce, trade, profits, money, or any other aspect of finances. Any feigned relationship to the commercial or financial aspects of the business is too attenuated to be a genuine application of either term. "The mere fact that an event occurs in connection with a commercial operation does not automatically transform documents regarding that event into commercial information." *Chicago Tribune Co. v. F.A.A.*, No. 97 C 2363, 1998 WL 242611, at *2 (N.D. Ill. May 7, 1998) (holding airline documents recording in-flight medical emergencies are not sufficiently commercial in nature). To suggest that 300A Forms are sufficiently tied to commercial or financial matters would render the definition hollow.

6

### b. 300A Forms are not confidential.[6]

The 300A Forms are not confidential under Exemption 4. In a recent Supreme Court decision reinterpreting Exemption 4, the Supreme Court stated that information is confidential where it is "both customarily and actually treated as private by its owner and provided to the government under an assurance of privacy." *Food Marketing Institute v. Argus Leader Media*, 588 U.S. ___, 139 S. Ct. 2356, 2366 (2019). While no court has interpreted this language, it is not clear from the Court's decision whether all factors must be satisfied for the material to qualify as confidential. Regardless, 300A Forms are not confidential, since *none* of the three *Argus Leader* factors are met: Employers do not treat 300A Forms as private — either (1) actually or (2) customarily — and the government has not provided any (3) "assurance of privacy" for 300A Forms or the information they contain. 139 S. Ct. at 2366.

First, like any other employer, Amazon does not (and cannot) treat 300A Forms as "actually" private. As discussed above, Amazon must post 300A Forms in a conspicuous place for at least three months and provide them to any current or former employee (or their designee) upon request. 29 C.F.R. §§ 1904.32, 1904.35. For Amazon, this means producing its 300A Forms to more than 125,000 current warehouse employees. *See also Sharyland Water Supply Corp. v. Block*, 755 F.2d 397, 399 (5th Cir. 1985) ("[W]hat five thousand people may obtain without even a pledge of nondisclosure is not confidential"). Unlike *Argus Leader*, where "only small groups of employees" within a given company had access to the requested data, 139 S. Ct. at 2363, every Amazon employee of any level of seniority had access to 300A Forms under OSHA regulation, as well as any former employee.[7]

---

[6] CIR assumes that the government is not asserting that the materials are "privileged," as the requested records do not fall within any of the handful of privileges recognized under Exemption 4. Case law regarding protection for "privileged" materials under Exemption 4 is limited, and even privileges against discovery "provide only rough analogies." *Washington Post Co. v. U.S. Dep't of Health & Human Servs.*, 690 F.2d 252, 268 (D.C. Cir. 1982). But the "Freedom of Information Act creates no privileges" in itself. *Chamber of Commerce of U.S. v. Legal Aid Soc. of Alameda Cty.*, 423 U.S. 1309 (1975). The Fifth Circuit has explained that Exemption 4 "refers only to privileges created by the Constitution, statute, or the common law," such as the Fifth Amendment, the attorney-client, or marital privileges. *Sharyland Water Supply Corp. v. Block*, 755 F.2d 397, 400 (5th Cir. 1985), *cert. denied*, 471 U.S. 1137 (1985). The 300A Form is a worksheet every employer is required by statute to complete and post for all of its employees to read. There is no employer-employee privilege, and 300A Forms implicate no other recognized privilege that might justify their withholding under Exemption 4. To the extent the government does assert this part of the Exemption, CIR reserves its right to contest this argument.
[7] By helpful comparison, employers are obligated to treat certain information about *individual* work-related injuries, illnesses, and deaths as private, and thus to withhold it from employees. For example, Amazon and other employers are explicitly prohibited from recording and posting an employee's name of the OSHA 300 Log for certain "privacy concern cases," 29 C.F.R. §

7

1400 65th, Suite 200 Emeryville, CA 94608
PHONE 510 809 3160                    TWITTER @CIRonline
WEB cironline.org

Similarly, Amazon does not (and cannot) treat its 300A Forms as "customarily" private under *Argus Leader*. While the Court did not define the term, it made clear that "customarily" should be dictated by its plain meaning which is defined as "in a way which follows customs or usual practices; usually." Oxford English Dictionary Online, "Customarily," https://www.lexico.com/en/definition/customarily (accessed Aug. 8, 2019). *See In re Roman Catholic Archbishop of Portland in Or.*, 661 F.3d 417, 432-33 (9th Cir. 2011) (permitting examination of "ordinary, dictionary meaning"). In assessing retailers' treatment of the requested SNAP data, the Court noted the usual or prior disclosure practice of the company by looking at the "uncontested testimony established that the Institute's retailers customarily do not disclose store-level SNAP data or make it publicly available '*in any way*,'" 139 S. Ct. at 2363 (emphasis added). Trial witnesses testified that retailers "closely guard" the requested data. *Id.* at 2361.

Amazon does not customarily keep 300A forms confidential. Far from "closely guarding" its 300A Forms in the past, Amazon has usually posted the forms for inspection — making the records public to every employee, regardless of their seniority — for as long as the company has existed. The conspicuous posting requirement has been in place since 1971, decades before Amazon existed.[8] *See* 36 Fed. Reg. 12612, 12613 (July 2, 1971) ("Each employer shall post a copy of the [Annual Summary of Occupational Injuries and Illnesses] at each establishment in a conspicuous place where notices to its employees are customarily posted.")[9] Similarly, the company has long known that OSHA is authorized to "publish, either in summary or detailed form," all the information it obtains from employers, not simply the 300A Forms. 29 U.S.C. § 657(g).[10]

---

1904.35, which include injuries or illness resulting from sexual assault; mental illnesses; HIV infections, hepatitis, or tuberculosis; needlestick injuries and cuts from sharp objects that are contaminated with another person's blood; and other illnesses if an employee voluntarily requests that his or her name not be entered on the log. 29 C.F.R. § 1904.29 Employers "must keep a separate, confidential list" of employee names for privacy concern cases. *Id.* There are no comparable privacy provisions for 300A Forms.

[8] Amazon was founded in 1994 and went public in 1997. *See* Lydia DePillis and Ivory Sherman, *Amazon's Extraordinary 25-Year Evolution*, CNN.com, https://www.cnn.com/interactive/2018/10/business/amazon-history-timeline/index.html (accessed Aug. 2, 2019).

[9] Available at https://s3.amazonaws.com/archives.federalregister.gov/issue_slice/1971/7/2/12611-12616.pdf#page=3 (accessed Aug. 2, 2019).

[10] 29 U.S.C. § 657(g)(1), first enacted as part of the Occupational Safety and Health Act of 1970 (Public Law 91-596) and unrevised since provides that, "The Secretary [of Labor] and Secretary of Health and Human Services are authorized to compile, analyze, and *publish*, either in summary or detailed form, all reports or information obtained under this section." Citing the same section of the statute (29 U.S.C. §§ 657(c)(1) and (2)), OSHA first enacted requirements

8

OSHA has, in fact, invoked this authority — and published data derived from Amazon's 300A Forms.[11] This data remains online and publicly accessible today. *See OSHA, Establishment Specific Injury & Illness Data (OSHA Data Initiative)*, https://www.osha.gov/pls/odi/establishment_search.html[12]; *See also OSHA, Safety & Health - Establishment Specific Injury Illness Rates*, https://catalog.data.gov/dataset/safety-health-establishment-specific-injury-illness-rates. Courts have also ruled in favor of this custom. *See also N.Y. Times Co. v. Dep't of Labor*, 340 F. Supp. 2d 394, 402, (S.D.N.Y. 2004) (holding that OSHA illness and injury data cannot be withheld under Exemption 4); *Finkel v. U.S. Dep't of Labor*, No. CIV A 05-5525 MLC, 2007 WL 1963163, at *8 (D.N.J. June 29, 2007) (same). It is clear that, far from being withheld "in any way," this information is customarily made widely available to all employees and the public.

Finally, the government never provided Amazon any "assurance of privacy" regarding its 300A Forms. Quite the opposite: As discussed above, OSHA invoked its statutory authority to publish Amazon's 300A Forms online as part of its OSHA Data Initiative. Further, in recent years OSHA proposed publishing 300A Form data from all worksites operated by large employers, such as Amazon. Under a final rule enacted in May 2016, any worksite with 250 or more employees was required to electronically submit 300A information to OSHA on an annual basis and OSHA would "post the establishment-specific injury and illness data it collects under this final rule on its public Web site." *See OSHA, Improve Tracking of Workplace Injuries and Illnesses*, 81 Fed. Reg. 29623, 29625 (May 12, 2016). OSHA's publication would include "[a]ll collected data fields" from the 300A Form in a "searchable online database." *Id.* at 29650. This assurance by the government that Amazon's 300A Form data would be published online, is the exact inverse of an "assurance of privacy" discussed in *Argus Leader*.[13]

---

for the 300A Form. *See* 36 Fed. Reg. at 12613. Therefore, 29 U.S.C. § 657(g)(1) puts the company on notice that this material could be published.

[11] OSHA published online the incidence rate of injuries and illnesses at specific Amazon warehouses, a number derived from data in 300A Forms. *See OSHA, Explanatory Notes*, https://www.osha.gov/pls/odi/establishment_search.html#explanatory (accessed Aug. 8, 2019).

[12] OSHA published data derived from 300A Forms for Amazon warehouses in the following locations and for the following years: Coffeyville, KS (2001, 2002, and 2007); Phoenix, AZ (2010); New Castle, DE (2011); and Lexington, KY (2011).

[13] In the 2019 revision to the May 2016 Final Rule, OSHA indicated it "does not intend to make any such [300A] data public for at least the approximately four years after its receipt that OSHA intends to use the data for enforcement purposes." 81 Fed. Reg. 383. This revision does not affect Exemption 4's application to the Amazon 300A Forms here for at least two reasons: First, it did not take effect until after Amazon prepared the 300A Form requested here in 2017. *See* Exhibit D. Second, in changing its stance of publishing 300A summary data, at no point did DOL suggest its decision reflected any determination that 300A data constituted trade secrets or confidential business information — rather, the agency indicated "disclosure of 300A data through FOIA may jeopardize OSHA's enforcement efforts." *Id.*

9

Since 300A Forms do not contain trade secrets, do not contain commercial or financial information, and are neither privileged nor confidential, OSHA cannot withhold them under Exemption 4.

## B. The Government Cannot Meet FOIA's Reasonably Foreseeable Harm Standard.

Even if Exemption 4 applies, OSHA has not and cannot demonstrate that disclosing 300A Forms will foreseeably harm an identified interest protected under Exemption 4. In 2016, Congress passed new FOIA amendments, which codified a "foreseeable harm" standard, § 552(a)(8) (A)(i)(I), requiring agencies to demonstrate concrete and specific wrongs resulting from disclosure. "Absent a showing of foreseeable harm to an interest protected by [an] exemption, the documents must be disclosed." *Ecological Rights Foundation v. FEMA*, No. 16-cv-05254-MEJ, 2017 WL 5972702 (N.D. Cal., Nov. 30, 2017). Courts have found that Exemption 4 protects "private interests in protection from the 'competitive disadvantages' that would result from disclosure." *Ctr. for Auto Safety v. Nat'l Highway Traffic Safety Admin.*, 244 F.3d 144, 148 (D.C. Cir. 2001) (quoting *Critical Mass Energy Project v. Nuclear Regulatory Comm'n*, 975 F.2d 871, 873 (D.C. Cir. 1992) (en banc); *accord Watkins v. U.S. Bureau of Customs & Border Prot.*, 643 F.3d 1189, 1194 (9th Cir. 2011). This is a distinct, nonduplicative burden that agencies shoulder in addition to demonstrating that a given exemption applies in the first place. *Rosenberg v. United States Department of Defense*, 342 F. Supp. 3d 62, 79 (D.D.C. 2018) (holding "the government must do more than perfunctorily state" that disclosure would foreseeably harm an interest protected by the exemption). While no court has had the opportunity to apply the foreseeable harm standard in an Exemption 4 case, various scholars and free speech attorneys have advocated for this ruling. *See, e.g.*, Brief of Amici Curiae Freedom of Information Act and First Amendment Scholars Supporting the Respondent, *Argus Leader*, 588 U.S. __ (2019) (No. 18-481). Moreover, the standard has successfully been applied for other exemptions. *See, e.g.*, *Judicial Watch, Inc. v. U.S. Dep't of Commerce*, 375 F. Supp. 3d 93, 101 (D.D.C. 2019) (denying the government's motion for summary judgment because the agency "failed to satisfactorily show that the redactions under Exemption 5 would result in reasonably foreseeable harm to its deliberative process").

Here, OSHA made no attempt to assert any interest that might be harmed by disclosure of the requested documents. Its conclusory response simply indicates that certain materials were withheld and refers to an attached, generic list of FOIA exemptions. *See* Exhibit C. Moreover, any claims that the information would cause a foreseeable harm are undercut by years of this data being disclosed and no harm having resulted. *See* Brief of Amici Curiae Freedom of Information Act and First Amendment Scholars Supporting the Respondent, at 31 (stating "the foreseeable harm standard parallels (if not surpasses) the pro-disclosure nature of the National Parks test.").

10

**C. OSHA inappropriately imposed fees for this request.**

Under FOIA, representatives of the news media are required to pay the direct cost of duplication only after the first 100 pages and two hours of search time. 5 U.S.C. § 552(a)(4)(A)(ii)(II); *see also* Department of Labor FOIA Regulations, 29 C.F.R. § 70.40 ("When a representative of the news media makes a request, only duplication costs will be assessed, excluding charges for the first 100 pages.") A representative of the news media is "a person or entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience." *Cause of Action v. F.T.C.*, 799 F.3d 1108, 1119–20 (D.C. Cir. 2015). A requester is entitled to a waiver of all fees if disclosure of the requested records is "likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii).

Here, OSHA incorrectly imposed fees by billing Mr. Evans a total of $47.15. OSHA cannot charge Mr. Evans any fees for this request, as Mr. Evans is a news media requester, which entitles him to 100 pages of duplicated records at no cost. Further, OSHA cannot charge Mr. Evans anything for "review" of the requested records, since both the FOIA and DOL regulations limit charges to duplication charges for news media requesters. *See* 5 U.S.C. § 552(a)(4)(A)(ii)(II); 29 C.F.R. § 70.40. Only commercial requesters pay the review charges OSHA here attempts to impose. *Id.*

Second, Mr. Evans was entitled to a waiver of all fees. *See generally* 5 U.S.C. § 552(a)(4)(A)(ii)(II); 29 C.F.R. § 70.41. Mr. Evans requested a fee waiver, *see* Exhibit A, but OSHA failed to issue a determination or explain why his fee waiver request was denied. *See* Exhibit C. Mr. Evans was entitled to a fee waiver because his request was not for a commercial use, as he explained in his request, and disclosure of the requested OSHA records is in the public interest. Mr. Evans's request satisfies the four factors which DOL considers necessary to meet the public interest standard for a fee waiver. *See* 29 C.F.R. § 70.41. First, the records concern "operations or activities of the government" in that Mr. Evans requested documents obtained by OSHA investigators in the course of an inspection of Amazon's warehouse. Second, the request is "likely to contribute" to an understanding of government operations or activities since the records reflect information OSHA investigators obtained about Amazon in the course of their worksite investigations, including whether Amazon completed the 300A Form per its statutory obligation. Third, disclosure of the information requested will contribute to "public understanding" of OSHA activities since Mr. Evans, a reporter, will use the information as part of his reporting (Note that it is "presumed that a representative of the news media will satisfy this consideration." 29 C.F.R. § 70.41.) Finally, these records will contribute "significantly" to public understanding of government operations since they will indicate what OSHA investigators did with the information obtained during their inspection of Amazon's warehouse, and allow the public to assess whether OSHA acted appropriately.

11

Finally, fees were only incurred because OSHA processed documents which Mr. Evans never requested. Mr. Evans only requested 300A Forms. *See* Exhibit A. But of the 13 pages released, only one page is a 300A Form; the remaining 12 pages are 300 Logs, which Mr. Evans did not request. *See* Exhibit D. OSHA cannot charge for production of documents which were never requested in the first place.

### D. Conclusion

In conclusion, DOL should remand to OSHA with instruction to release all relevant information immediately and to waive all fees for processing this request. Should OSHA need clarification as to any aspect of the Request, it may reach me at vbaranetsky@revealnews.org or (510) 982-2890.

Sincerely,

Victoria D. Baranetsky
General Counsel
The Center for Investigative Reporting

cc: Will Evans

12